Donald F. NOBLES et al., Appellants,

v.

Charles MARCUS et al., Appellees.

No. 5387.

Court of Civil Appeals of Texas, Waco.

May 29, 1975.

Rehearing Denied June 19, 1975.

Fred E. Davis, Austin, for appellants.

Wynne, Jaffe & Tinsley, Dallas, for Chas. Marcus, Macoa, Inc., and South Tex. Corp.

Green, Gilmore, Crutcher, Rothpletz & Burke, John Plath Green, Dallas, for Robert S. Folsom, Claude R. McClennahan, Jr., David M. Sherer & Hexter-Fair Title Co.

HALL, Justice.

This is a suit to set aside a deed and foreclose a judgment lien. A take-nothing summary judgment was rendered against the plaintiffs. We affirm.

The record shows the following facts to be without dispute: On June 14, 1971, Charles Marcus executed a warranty deed on behalf of Macoa, Inc., a corporation, conveying a tract of land in Dallas County to Robert S. Folsom, Claude R. McClennahan, Jr., and David M. Sherer. Marcus signed and acknowledged the deed as vice-president of Macoa. The deed, and related instruments, were recorded in the proper county records the day after execution. On October 9, 1972, a suit was filed against Macoa by those who are also plaintiffs in this case to recover for personal services rendered. Macoa failed to answer that suit and default judgment was rendered therein for the plaintiffs in the total amount of $80,000, on November 15, 1972.

In the case at bar, the plaintiffs seek to set aside the Macoa deed executed by Mar-

**368**

cus on June 14, 1971, and to affix and foreclose a judgment lien on the property conveyed in the deed, based upon the judgment dated November 15, 1972, and for alternative relief. This suit was filed by the plaintiffs on January 18, 1973, against Marcus, Folsom, McClennahan, Sherer and Macoa, and others who were only incidentally involved in the transaction.

The plaintiffs have never claimed that the deed was executed to defraud them, or to hinder or delay the collection of their judgment; and the record contains no evidence of such facts. Rather, the basis pleaded and relied upon by the plaintiffs for setting aside the deed is that it was executed in fraud of Macoa's rights. Specifically, they contended in the trial court, as they do here, that the deed is a forgery and that, in any event, Marcus was not authorized by Macoa to execute it.

The defendants answered the plaintiffs' pleadings with sundry pleas, including assertions of ratification of the deed by Macoa.

The plaintiffs attack the summary judgment in two points of error, contending (1) that the record establishes as a matter of law that the deed is a forgery; and (2) that if the forgery is not conclusively shown, then material questions of fact exist in the record (a) as to whether Marcus had authority to execute the deed on behalf of Macoa, (b) as to whether the defendants knew of the want of authority, and (c) as to whether the deed has been ratified by Macoa. They do not assert any procedural irregularity.

"The law is settled in Texas that a creditor, though he have no specific lien, may maintain an action in equity to vacate a fraudulent conveyance of his debtor's land." Eckert v. Wendel, 120 Tex. 618, 40 S.W.2d 796, 797 (1931). However, a creditor may not maintain an action to set aside a deed on the ground that it is a fraud upon the debtor. The ground on which the credi-

tor is allowed to impeach a fraudulent conveyance is that it is a fraud upon his legal rights. Hodges v. Taylor, 57 Tex. 196, 199 (1882); Allen v. Crutcher (Tex.Civ.App.—Fort Worth, 1919, writ ref.), 216 S.W. 236, 238; 26 Tex.Jur.2d 421–423, Fraudulent Conveyances, Sec. 128.

As we have stated, the plaintiffs have neither pleaded nor argued that the conveyance is fraudulent as to them, and there is no evidence that it is. Accordingly, the questions raised by the plaintiffs in their points of error—whether the deed is a forgery, whether Marcus was authorized to execute it, and whether the deed has been ratified by Macoa—are immaterial to the rights of the contesting parties in this case.

Rulings on immaterial matters, if erroneous, are harmless. They will not support the reversal of a judgment. Rule 434, Vernon's Texas Rules of Civil Procedure.

The judgment is affirmed.