Joe Harry BOWER, Appellant,

v.

EDWARDS COUNTY APPRAISAL DIS-
TRICT and Edwards County
Appraisal Review Board, Appellees.

No. 04–84–00479–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 2, 1985.

R. Emmett Harris, Uvalde, for appellant.

Gary C. Gilmer, Rocksprings, C. Richard
Fine, Austin, for appellees.

Before BUTTS, CANTU, REEVES, JJ.

OPINION

CANTU, Justice

This is a tax case challenging an apprais-
al made to determine ad valorem taxes.
The appellant and plaintiff below, Joe Har-
ry Bower (Bower), sought an agricultural
tax exemption from the defendants, Ed-
wards County Appraisal District (Edwards
County), for taxes due in 1982, 1983 and
1984, for land located in Edwards County.
Three separate suits were filed, which were
consolidated for trial.

The appellant asserts that his land is
low-quality pasture land suitable only for
the raising of deer, to be used as human
food. The land is mostly unfenced, and
wild deer belonging to the State of Texas
roam it freely, feeding on the natural vege-
tation growing thereon. Appellant leases
this land to an individual for $600.00 per

year, who in turn leases the land to others for deer hunting.

The Edwards County Appraisal District determined that Bower's land was not used for agricultural purposes, and so denied the exemption. Bower appealed to the Edwards County Appraisal Review Board, which also refused the exemption. Appellant then sought judicial review, seeking a refund of claimed excess taxes paid in the amount of $6,800.91.

The evidence introduced at trial established that Bower owns 1,267 acres of land in Edwards County. Part of this land borders on the Nueces River. A road cuts through part of the tract, separating it into two tracts. Much of the land consists of rough-rolling land, canyons and small mountain areas.

In his first five points of error, Bower asserts that the trial court erred in not granting the agricultural tax exemption. Specifically, he urges that he is entitled to the exemption because:

(1) Raising deer for human consumption is an agricultural use;

(2) Raising vegetation that is eaten by deer that are used for human food is production of animal feed which is an agricultural use of land;

(3) Deer used for human food are livestock; and

(4) The land is unsuitable for any agricultural use other than the raising of deer for human consumption, thus Bower is acting as a reasonably prudent agriculturist qualifying his property as openspace land.

Appellees contend that Bower is not engaged in an agricultural use of the land. Their arguments raise two basic points. First, appellees argue that a reasonably prudent agriculturist would not use the land merely for hunting leases. Evidence at trial established that tracts adjacent to and surrounding Bower's property are used for ranching. Appellees contend that a reasonable use of Bower's land would dictate fencing of the property for use in grazing cows, sheep and goats.

Secondly, appellees argue that deer are not livestock. Edwards County points to the State Property Tax Board Guidelines for the Valuation of Agricultural Land in support of this contention.

■ Bower contends that the trial court erred in not granting him an agricultural use exemption. Since Bower had the burden of proving his entitlement to the exemption, we construe these points of error as assertions that Bower conclusively established that he was so entitled to the exemption. Thus, we review the entire record looking for support. *Aetna Insurance Co. v. Klein*, 160 Tex. 61, 325 S.W.2d 376 (1959).

Several witnesses testified that other agricultural uses could be made of the land. Appellant conceded that his primary activity with respect to raising deer was not permitting goats or other livestock to interfere with the deer by not allowing grazing on the land. Thus, appellant does no affirmative acts to raise the deer, but rather refrains from doing anything that would discourage their presence. Similarly, Bower does no act to promote the growth of vegetation on the property, but rather permits the deer to eat the vegetation that naturally grows there.

■ Appellant had the burden to prove that he is entitled to receive the agricultural exemption. Appellant did not meet this burden because he failed to establish that he is engaged in any agricultural activity or use of the land other than permitting wild deer to eat the natural vegetation while awaiting hunting season. Mr. Bower's admitted economic inability to fence the property to enable him to use the land for grazing livestock is not a relevant factor in our determination of Bower's entitlement to the tax exemption. *Cf. Twin City Fire Insurance Co. v. Gibson*, 488 S.W.2d 565 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.).

Article VIII, section 1–d(a) of the Texas Constitution, provides a basis for assessing land under agricultural use. The article provides that:

Agricultural use means the raising of livestock or growing of crops, fruits, flowers, and other products of the soil under natural conditions as a business venture for profit, which business is the primary occupation and source of income of the owner.

If land qualifies for designation as agricultural use under section 1-d, it may be taxed on the basis of its productive capacity rather than its market value. *See* TEX. CONST. art. VIII, § 1-d-1 (Vernon Supp. 1985).

Such qualified open-space land is defined in TEX.TAX CODE ANN. § 23.51 (Vernon 1982) as "land that is currently devoted principally to agricultural use to the degree of intensity generally accepted in the area."

Bower contends that this general definition is dispositive of his claims. Basically, he contends that raising deer for human consumption fits within the broad definition of agricultural use and qualified open-space land.

■■■ Appellees, however, introduced the Tax Board Guidelines into evidence, which expressly exclude Bower's activities from the tax exemption. Bower contends in point of error number six that it was error to admit these guidelines into evidence or consider them as authority, since it was not proven that the guidelines are official publications authorized or approved by the State Property Tax Board. Alternatively, Bower contends that if such rules were passed, the Tax Board exceeded its statutory authority in promulgating the rules. Points of error seven through twelve allege error in the jury charge and jury questions in that the charge and interrogatories were based upon the definitions set out in the Property Tax Board Guidelines.

These contentions are without merit. Sections 23.41 and 23.52 of the Property Tax Code, TEX. TAX CODE ANN. § 23.41 & 23.52 (Vernon 1982) expressly provide that the State Property Tax Board is to promulgate rules specifying the methods

and procedures to use in appraising agricultural land and qualified open-space land. The guidelines introduced at trial are the official compilation of these rules so promulgated.

Bower argues that the proper predicate for admission of the guidelines was not laid. *See,* however, TEX.R.EVID. 902(5). Appellant fails to recognize that the court below was empowered to take judicial notice of the regulations even absent a request, without need for extrinsic evidence of authenticity or a predicate having been established. *See* the Texas Administrative Code Act, TEX.REV.CIV.STAT.ANN. art. 6252-13b(4) (Vernon Supp.1985). Absent a showing of harm to appellant, these rules were fully admissible. *See Browning-Ferris, Inc. v. Texas Department of Health,* 625 S.W.2d 764 (Tex.App.—Austin 1981, writ ref'd n.r.e.).

Our holding that these guidelines were properly admitted at trial, requires that appellant's objections to the jury charge and interrogatories fail. The guidelines provided the definitions used by the trial court. Livestock is defined to expressly exclude "those animals such as wild deer and wild turkey owned by the State of Texas and classified as wild animals indigenous to the State."

Additionally, the rules provide that "where hunting and recreational use of the land occurs so as to be the principal use of the land, such land is *not eligible* as qualified open-space land." [Emphasis in original]. Appellant directs us to the cases of *San Marcos Consolidated Independent School District v. Nance,* 495 S.W.2d 335 (Tex.Civ.App.—Austin 1972, writ ref'd n.r.e.) and *Klitgaard v. Gaines,* 479 S.W.2d 765 (Tex.Civ.App.—Austin 1972, writ ref'd n.r.e.) as support for his contention that deer leases are an agricultural use of land. These cases, however, involve only situations where deer leases represented only a secondary use of the land, and not the sole and primary use. The Supreme Court in its per curiam refusal of the writ of error

in *Nance* at 502 S.W.2d 694, 695 (Tex.1973), recognized this distinction, finding that a "secondary and incidental use of land for deer hunting *under the circumstances mentioned* does not deprive the owner" of an agricultural use exemption. [Emphasis added].

In *Klitgaard, supra,* the court found that deer leases constituted an agricultural use of land for tax purposes. This case was decided prior to the enactment of the Tax Board Guidelines, and so is of limited value.

However, *Klitgaard* provides an additional support against permitting the agricultural use exemption to appellant in this case. Both the Guidelines and *Klitgaard* recognize that the exemption is available only to those whose principal income is derived from an agricultural use of the land.

Appellant testified at trial that he receives only $600.00 per year from the deer leases. He also testified that he earns in excess of $10,000.00 a year from various mineral interests and social security benefits. Thus, appellant does not qualify for the exemption under the constitutional provisions.

Appellant's points of error one through twelve are overruled.

Finally, in his last three points of error, appellant challenges actions by the trial court in that it failed to overrule the defendants' motion to dismiss, and that it overruled defendants' counterclaim for declaratory judgment and partial summary judgment but did not put such orders in writing. Appellant has shown us no harm in the lower court's actions, and we fail to perceive any harm from the record. *See Nobles v. Marcus,* 524 S.W.2d 367 (Tex.Civ. App.—Waco 1975), *aff'd,* 533 S.W.2d 923 (Tex.1976). Appellant's points thirteen, fourteen and fifteen are overruled.

Finding no merit in appellant's contentions on appeal, we affirm the judgment of the court below.