**SMITH v. DAWSON.    (No. 6622.).**

(Court of Civil Appeals of Texas. San Antonio. Nov. 16, 1921.)

**1. Libel and slander ⬤⟿7(12)—Charge of forgery slanderous per se, whether or not check lacked legal consideration.**

A false charge of forgery, being a charge of felony, is slanderous per se, whether or not the check, the forgery of which was charged, lacked consideration, by reason of its having been given by defendant to plaintiff in payment of a gambling debt.

**2. Forgery ⬤⟿1—Definition of offense.**

Forgery is the making without authority of a false instrument in writing, purporting to be the act of another, in such manner that it would, if true, create, increase, diminish discharge, or defeat any pecuniary obligation, and the instrument must be or appear to be one which, if true, would possess some legal validity or be legally capable of effecting a fraud.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Forgery.]

**3. Libel and slander ⬤⟿105(1)—Evidence of illegal consideration for check alleged to have been forged improperly stricken.**

In an action for slander, the court erred in striking out evidence that a check which defendant falsely accused plaintiff of forging was given by defendant to plaintiff in payment of a gambling debt; such check, which on its face was genuine commercial paper and in the hands of innocent purchasers a binding obligation on the drawer, being sufficient to form a basis for a charge of forgery.

**4. Evidence ⬤⟿318(2)—Letter to plaintiff from bank cashier to whom defendant communicated slander held hearsay.**

In an action for slander, a letter to plaintiff from a bank cashier whom defendant told plaintiff had forged a check, was hearsay.

**5. Witnesses ⬤⟿196—Communications to bankers not privileged.**

The rule of privileged communications, which is based on public policy, as in the case of communications between attorney and client, husband and wife, physician and patient, spiritual adviser and layman, does not extend to communications to bankers, especially slanderous communications to an officer in a bank without reference to or influenced by confidential relations.

Appeal from District Court, Frio County; Covey C. Thomas, Judge.

Action by Thomas W. Smith against Arthur Dawson. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

McGregor, Burr & Lewis, of Houston, and R. W. Hudson and Magus Smith, both of Pearsall, for appellant.

John L. Pranglin, of Pearsall, and J. D. Dodson, of San Antonio, for appellee.

FLY, C. J. This is a suit for damages based on a charge made by appellee that a certain check which purported to have been given by appellee to appellant for $15 was a forgery, which was instituted by appellant against appellee. It was alleged by appellant that on or about January 4, 1920, appellee received a statement from the Pearsall National Bank inclosing checks of appellee which had been paid by the bank to the various persons to whom they had been given during December, 1919, and appellee had stated to S. R. Brooks, in the presence of Frank Davis and other persons, that the check to appellant for $15 was a forgery. Afterwards it was alleged appellee stated that the man who forged the check had left town and was a thousand miles away, thereby charging that appellant had forged the check. It was alleged that appellee told the assistant cashier, L. F. Merle, and the cashier, that appellant forged the check, that appellant was absent at the time in the republic of Mexico, and that such statements. made by appellee were false, and that he had executed the check to appellant in settlement of a debt due by him to appellant. It was also alleged that appellee had stated in the presence of the mother and uncle of appellant that it would be all right if appellant would pay to him the amount of the check. Appellee denied that he had charged appellant with forgery in the presence of Brooks and others, and pleaded privilege as to his conversation with the assistant cashier, and good faith and freedom from malice. Appellee, in effect, admitted that he was wrong in claiming that he had not given the check, and offered to pay it to the bank. At the conclusion of the evidence, the court struck from the evidence the check which had been introduced by appellant, and a verdict was instructed by the court, and judgment rendered in favor of appellee.

[1] It seems that the evidence developed that the check was given by appellee to ap-

pellant in payment of a gambling debt, and the check and all evidence in connection with it was stricken out, and a verdict instructed for appellee on the ground that the check could not be made the basis .of a charge for slander. The evidence clearly showed that the check was given by appellee to appellant and was genuine.. The question as to whether there was any consideration for the execution of the check had nothing to do with the charge of slander against appellee. The issues were, Did appellee circulate a slander that appellant had forged the check purporting to have been executed by him, and did this slander damage appellant. If the charge was made, it was a charge of felony, a charge which was slanderous per se.

[2] Forgery is the making without authority of a false instrument in writing, purporting to be the act of another, in such manner that the false instrument so made would, if true, have created, increased, diminished, discharged, or defeated any pecuniary obligation. The instrument must appear on its face to be, or must in fact be, one which, if true, would possess some legal validity, or be legally capable of effecting a fraud. Scott v. State, 40 Tex. Cr. R. 105, 48 S. W. 523.

[3] On its face the check was genuine commercial paper, and, if it passed into the hands of innocent purchasers, was a binding obligation upon the drawer of the check. The purchaser of it, without notice of any want of consideration which might render it invalid as between the original parties to it, would be a bona fide holder of it, and could enforce its payment. The instrument was such a one as in the hands of an innocent purchaser would not be subject to any defense of want of consideration upon the part of the maker, and could form the basis for a charge of forgery. On its face the check was a binding, legal obligation, and, if forged, it must have been done with the intent to defraud the maker out of money. It would not be. tested by the defenses that might be made to it, but by its capability of affecting the liability of the maker. Beer v. Landman, 88 Tex. 450, 31 S. W. 805.

The statement of facts fails to show any facts tending to prove that the check was based on a gambling transaction, for it was all stricken out. The evidence in the bill of exceptions, however, shows that the check was given for a debt incurred by appellee in a game of chance with appellant, who thus describes it:

"On that day we were flipping half dollars for $5 a shot. Dawson came in early in the morning, and we got to shooting half dollars, flip heads and tails for $5 a shot. We flipped on for a while, and two or three men came in, Mr. Tyner came in, and I told Dawson we would have to stop, and he gave me a check for what he owed me, which was $15."

This was not denied by appellee. The check was sufficient to form a basis for a charge of forgery, and, if the payee was falsely charged with the forgery by appellee, he will be liable for all damages arising from such slander, and the cause should have been submitted to the jury, under the testimony, which should not have been stricken out.

[4] The letter from the cashier of the bank to appellant was purely hearsay, and was properly excluded, unless it was made admissible by evidence in regard to it, drawn out by appellee.

[5] There were no such confidential relations existing between appellee and the cashier or assistant cashier of the bank as would cause his conversation with them, or either of them, to be a privileged communication. The rule of privileged communications is based on public policy, such as communications between attorney and client, if made for professional advice or aid, husband and wife, physician and patient, spiritual adviser and layman, and others. It has been held that it does not extend to communications with bankers. Elliott on Evidence, § 645. It certainly would not extend to slanderous communications made to an officer in a bank, having no reference to or influenced by confidential relations. The evidence was improperly excluded.

The case was a proper one for the consideration of a jury, and for the error in, striking out the check and evidence in regard to it, the judgment is reversed, and the cause remanded.

⬚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes