**GULF OIL CORPORATION, Appellant,**

v.

**Donald CANTRELL et ux., Appellees.**

No. 6739.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 21, 1965.

Rehearing Denied Feb. 17, 1965.

William F. Erwin, Jr., Houston, for appellant.

Sample & Walker, Beaumont, for appellees.

PARKER, Justice.

This is a venue suit. Donald Cantrell and wife, Jean Cantrell, appellees, sued appellant Gulf Oil Corporation and Walter J. Brightwell for damages because of alleged slanderous statements made by Walter J. Brightwell, as an employee of Gulf, to Jean Cantrell in the presence of others. The trial court overruled the plea of privilege of appellant, Gulf Oil Corporation, to have this case transferred to Harris County, Texas, county of appellant's residence in the State of Texas. The findings of fact and conclusions of law by the trial court are as follows:

"I find that slanderous words were uttered by William J. Brightwell, Jr. defaming the character of Donald Cantrell, the plaintiff, in the presence of his wife, Mrs. Donald Cantrell, and the service station attendant, St. Clair, and the landlady, Mrs. B. C. Payne, and that the words were uttered in Jefferson County, Texas; that the plaintiffs lived in Jefferson County at the time the words were uttered, and at the time the suit was brought, and that they still live in Jefferson County, Texas; and that the said Brightwell was acting in the course and scope of his employment for the Gulf Oil Corporation; and, further, that uttering of the words was related to the business and the furtherance of the business affairs of Gulf Oil Corporation; that the words spoken were susceptible of a meaning which charged Donald Cantrell with a crime.

"I find the following:

"1. The date the Plea of Privilege of the Gulf Oil Corporation was filed with the Clerk of the District Court of Jefferson County, Texas, was January 17, 1964.

"2. That a copy of the Plea of Privilege of the Gulf Oil Corporation was received by the attorney, Ernest L. Sample, attorney of record for the plaintiffs, on January 17, 1964.

"3. That the Plaintiffs' Controverting Plea to the Defendant's Plea of Privilege was filed with the Clerk of the District Court of Jefferson County, Texas, on the 28th day of January, 1964. I also further find that good cause existed for the plaintiffs' late filing. I conclude, as a matter of law, that the Plaintiffs' Controverting Plea of Privilege should be admitted and considered."

Appellant urges that the trial court erred in overruling appellant's plea of privilege for the reason that "good cause" was not shown justifying the late filing of appellees'

controverting plea. We will consider the facts bearing upon "good cause".

The filing of the controverting plea within the ten day period provided by Rule 86, Texas Rules of Civil Procedure, is mandatory and jurisdictional unless: (1) An enlargement of time is requested by the plaintiff prior to the expiration of the ten day period as provided by Rule 5, T.R.C.P.; or (2) the plaintiff can show good cause for failure to timely file his controverting plea.

Appellee did not request an enlargement of time prior to the expiration of the ten day period but seventeen days after the expiration of the ten day period, to-wit on February 14, 1964, appellees filed a motion with the trial court to permit the late filing of their controverting plea on the ground that "good cause" existed for the late filing of the controverting plea. This instrument is styled "Reply of the Plaintiffs to the Defendant's Motion to Strike Controverting Plea" and is sworn to by the sole attorney of record for appellees. The plea of privilege of appellant was filed with the Clerk of the District Court of Jefferson County, Texas, on January 17, 1964, and a copy of same was received by said attorney of record for the appellees on the same day. On January 22, 1964, appellees' said attorney mailed from his office in Beaumont, Texas, the draft of the controverting plea to appellees' home in Beaumont with the request that they execute same before a notary and return to his office. The evidence in the trial court on the hearing on the motion of appellant to strike plaintiffs' controverting plea does not reflect any further effort on the part of their said attorney during the ten day period to timely file a controverting affidavit and also is silent as to any good reason excusing or justifying the failure of said attorney to move for an enlargement of time within the ten day period within which to file the controverting plea. Under Rule 14, T.R.C.P., the attorney of record for appellees, as such, was authorized to make the affidavit in connection with appellees' controverting plea. Appellees' attorney availed himself of such

rule in his "Reply of the Plaintiffs to the Defendant's Motion to Strike Controverting Plea". Appellees' attorney did not testify; his secretary did not testify. Mrs. Donald Cantrell, one of the appellees, did testify. She stated that she received the controverting plea on January 22, 1964, at her home with a request that it be executed before a notary public and returned to the office of her attorney. She and her husband made an attempt to find a notary on that day without success. Her baby became ill on January 23rd and it was not possible for her to execute this controverting plea until Tuesday, January 28th, which is the day it was received by the District Clerk.

■ The testimony of Mrs. Cantrell is not questioned. It was the responsibility of her attorney to prepare and file the controverting plea. He failed to show "good cause" to justify or excuse his failure to not only prepare but also to see to the execution and filing of the controverting plea to appellant's plea of privilege within the ten day period. Considering all evidence and every fact allegation contained in the "Reply of Plaintiffs to the Defendant's Motion to Strike Controverting Plea", "good cause" did not exist justifying the failure of appellees' attorney to not only prepare but to timely execute and file the controverting plea. Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154 (1936); Southern Insurance Co. v. Rogers, Tex.Civ.App. (1961), 342 S.W.2d 135 (no writ history); Bell v. Jasper Lumber Corp., Tex.Civ.App. (1956) 287 S.W.2d 746 (no writ history) and authorities cited on p. 747. Appellant's point of error that "The trial court erred in overruling Appellant's Plea of Privilege for the reason that Appellees' Controverting Plea was not timely filed and 'good cause' was not shown justifying the late filing thereof" is sustained.

■ The effect of the filing of the plea of privilege by Gulf Oil Corporation, appellant, and the controverting affidavit invoking Subd. 29 of Art. 1995, Vernon's Ann.Tex.Civ.St., was to impose on ap-

pellees, plaintiffs in the trial court, the burden of proving on the hearing of the plea of privilege that a cause of action for slander in fact accrued in their favor. Lyle v. Waddle, (1945) 144 Tex. 90, 188 S.W.2d 770. The venue facts on the hearing on the plea of privilege should have been proven in the same manner as proof of facts in a trial on the merits. Compton v. Elliott, Tex. Com.App. (1935), 88 S.W.2d 91 (opin. adopted by S.Ct.). In a slander suit proof on the merits must conform to the pleadings. The same rule applies to a venue hearing. Appellees alleged throughout their petition that the defendant Brightwell accused the appellee Donald Cantrell of signing someone else's name to a courtesy card ticket, without authorization, and in that manner obtaining merchandise. Appellees alleged that this was an allegation of forgery. Also appellees alleged that the defendant, Brightwell, was acting in the course of his employment by appellant. Appellee Jean Cantrell testified that the defendant Brightwell, in her presence and in the presence of others, accused her husband, Donald Cantrell, one of the appellees herein, of signing his own name to a courtesy card ticket, using the credit card of another person. Counsel for appellant moved to strike all of such testimony of this witness on the grounds that there was no pleading to support it and that such testimony showed a fatal variance between the pleadings and the proof. This motion to strike her testimony was overruled by the trial court and exception to such action and ruling duly taken. The allegation in appellees' petition was an accusation that appellee Donald Cantrell committed a forgery. See Art. 979, Texas Penal Code. Appellees' proof was that Brightwell accused the appellee, Donald Cantrell, of signing his own name to a courtesy card ticket upon the courtesy card of another person. Such an act cannot be forgery because there was no "false instrument in writing purporting to be the act of another". Appellees did not prove their alleged cause of action. Appellant's point of error that "Appellees' suit, seeking damages for slander,

was filed in a county other than the residence of Appellant, and the trial court erred in overruling Appellant's Plea of Privilege because Appellees failed to plead and prove a cause of action" is sustained. Appellant's point of error that "The trial court erred in overruling Appellant's Plea of Privilege because there was a fatal variance between Appellees' pleading and proof at the venue hearing" is sustained.

The judgment of the trial court is reversed and judgment is here rendered transferring this cause as between appellees and appellant only to the District Court of Harris County, Texas.