COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-057-CV
 
  
JOSE LOPEZ FLORES AND                                                    APPELLANTS
MARIA FLORES
  
V.
  
ROBINSON ROOFING &                                                           APPELLEES
CONSTRUCTION COMPANY, INC.
 
  
------------
 
FROM THE 17TH DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
OPINION ON REHEARING
 
------------
        After 
reviewing Appellee’s motion for rehearing, we deny the motion. We withdraw our 
January 13, 2005 opinion and judgment and substitute the following.
INTRODUCTION
        Appellants 
Jose Lopez Flores and Maria Flores appeal a summary judgment in favor of 
Appellee Robinson Roofing and Construction Company, Inc. Because we hold that 
there are issues of material fact concerning Appellants’ fraudulent transfer 
claims, we reverse and remand.
BACKGROUND
        Jose 
Flores suffered a brain injury and other injuries while he was working as an 
employee of M & B Contracting, Inc. M & B was a subcontractor of 
Robinson Roofing Company, Inc. Flores and his wife, Maria, sued M & B, 
Robinson Roofing, and others for personal injury damages. During the course of 
the litigation, M & B filed for bankruptcy,[1] and 
Robinson Roofing changed its name to R & B Roofing. R & B then filed for 
bankruptcy, and Appellee Robinson Roofing and Construction Company, Inc. came 
into existence. In its bankruptcy, R & B listed Appellants as creditors 
holding a $6,903,000 disputed unsecured claim. However, it did not list its good 
will or intangible assets. Flores’s personal injury suit was abated due to the 
automatic stay in the R & B Roofing bankruptcy.
        Appellants 
then sued Appellee in the underlying case, alleging that Robinson Roofing 
fraudulently transferred intangible assets to Appellee. To support their 
fraudulent transfer claims, Appellants asserted that the two companies were 
operated by the same principals. Marshall Robinson was president of Robinson 
Roofing. Bret Barnett, who was married to Robinson’s daughter Melissa, was 
president and a shareholder of M & B, general manager of Robinson Roofing, 
and president and a director of Appellee. Melissa Robinson Barnett was 
Appellee’s registered agent and its majority shareholder, as well as having 
been a director and shareholder of M & B.
        Appellants 
also asserted that Robinson Roofing transferred its logo, advertising, graphics, 
telephone number, and good will to Appellee. Appellants alleged that Robinson 
Roofing fraudulently transferred those assets after changing its name to R & 
B Roofing, filing bankruptcy, and dissolving the company in order to escape 
liability for Jose Flores’s tort claim. Southwestern Bell Yellow Pages 
advertisements for the years 1984-1985, 1990-1991, 1998-1999, and 2000-2001 
demonstrate that Appellee had obtained the logo, insignia, and phone number of 
Robinson Roofing, and in the 2001-2002 ad, Appellee claimed that it had been 
“Family Owned and Operated for Over 35 Years” even though it had been in 
business for only three years.
        Appellee 
filed a combined traditional and no-evidence summary judgment motion. In the 
traditional part of its motion, Appellee argued that, as a matter of law, R 
& B transferred no goodwill to Robinson Roofing with the intent to defraud 
Appellants; there was no fraudulent transfer of any kind from R & B to 
Robinson Roofing; and the good will of R & B had no value at the time of the 
transfer. In the no-evidence part of its motion, Appellee argued there was no 
evidence: (1) that the good will of R & B was transferred to Robinson 
Roofing with the intent to defraud Appellants; (2) that Robinson Roofing was 
aware of the fraudulent nature of the transfer; (3) that the alleged good will 
or other assets had any value; and (4) that Appellants were creditors of R & 
B prior to the transfer. The trial court granted Appellee’s summary judgment. 
Appellants contend that the trial court erred in granting summary judgment 
because there are questions of material fact.
STANDARD OF REVIEW
No-Evidence Summary Judgment
        After 
an adequate time for discovery, the party without the burden of proof may, 
without presenting evidence, move for summary judgment on the basis that there 
is no evidence to support an essential element of the nonmovant's claim or 
defense. Tex. R. Civ. P. 166a(i). 
The motion must specifically state the elements for which there is no evidence. Id.; 
Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002). The 
trial court must grant the motion unless the nonmovant produces summary judgment 
evidence that raises a genuine issue of material fact. See Tex. R. Civ. P. 166a(i) & cmt.; S.W. 
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).
        We 
review the evidence in the light most favorable to the party against whom the 
no-evidence summary judgment was rendered. Johnson, 73 S.W.3d at 197; Morgan 
v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000). If the nonmovant brings forward 
more than a scintilla of probative evidence that raises a genuine issue of 
material fact, then a no-evidence summary judgment is not proper. Moore v. K 
Mart Corp., 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).
Traditional Summary Judgment
        A 
defendant is entitled to summary judgment if the summary judgment evidence 
establishes, as a matter of law, that at least one element of a plaintiff’s 
cause of action cannot be established. Elliott-Williams Co. v. Diaz, 9 
S.W.3d 801, 803 (Tex. 1999). The defendant as movant must present summary 
judgment evidence that negates at least one element of the plaintiff’s claim. Centeq 
Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). Once the defendant 
produces sufficient evidence to establish the right to summary judgment, the 
burden shifts to the plaintiff to come forward with competent controverting 
evidence raising a genuine issue of material fact with regard to the element 
challenged by the defendant. Id.
DISCUSSION
        The 
bases of the traditional and no-evidence parts of Appellee’s summary judgment 
motion overlap but are not identical. We will consider the no-evidence part of 
the motion first.
No-Evidence Motion
1.     Intent 
to Defraud.
        A 
fraudulent transfer is a transfer by a debtor with the intent to hinder, delay, 
or defraud his creditors by placing the debtor’s property beyond the 
creditor’s reach. Nobles v. Marcus, 533 S.W.2d 923, 925 (Tex. 1976); Coleman 
Cattle Co., Inc. v. Carpentier, 10 S.W.3d 430, 433 (Tex. App.—Beaumont 
2000, no pet.). The Texas Uniform Fraudulent Transfer Act is designed to prevent 
transfers of property with the intent to defraud creditors:
   
A transfer made or obligation incurred by a debtor is fraudulent as to a 
creditor, whether the creditor's claim arose before or within a reasonable time 
after the transfer was made or the obligation was incurred, if the debtor made 
the transfer or incurred the obligation . . . with actual intent to hinder, 
delay, or defraud any creditor of the debtor.
 
Tex. Bus. & Com. Code Ann. § 
24.005(a)(1) (Vernon 2002).
        “Intent 
is a fact question uniquely within the realm of the trier of fact because it so 
depends upon the credibility of the witnesses and the weight to be given to 
their testimony.” Coleman Cattle Co., 10 S.W.3d at 433 (citing Spoljaric 
v. Percival Tours, Inc., 708 S.W.2d 432, 434 (Tex. 1986)). The question of 
whether a debtor conveyed property with the intent to defraud creditors is 
“ordinarily a question for the jury or the court passing on the fact.” Id. 
at 433-34 (quoting Quinn v. Dupree, 157 Tex. 441, 303 S.W.2d 769, 774 
(1957)).
        TUFTA 
provides the following nonexclusive list of facts and circumstances, known as 
badges of fraud, that may be considered in determining fraudulent intent:
  
(1) the transfer or obligation was to an insider;
 
(2) 
the debtor retained possession or control of the property transferred after the 
transfer;
 
(3) 
the transfer or obligation was concealed;
 
(4) 
before the transfer was made or obligation was incurred, the debtor had been 
sued or threatened with suit;
 
(5) 
the transfer was of substantially all the debtor's assets;
 
(6) 
the debtor absconded;
 
(7) 
the debtor removed or concealed assets;
 
(8) 
the value of the consideration received by the debtor was reasonably equivalent 
to the value of the asset transferred or the amount of the obligation incurred;
 
(9) 
the debtor was insolvent or became insolvent shortly after the transfer was made 
or the obligation was incurred;
 
(10) 
the transfer occurred shortly before or shortly after a substantial debt was 
incurred; and
 
(11) 
the debtor transferred the essential assets of the business to a lienor who 
transferred the assets to an insider of the debtor.
  
Tex. Bus. & Com. Code Ann. § 
24.005(b). “If, however, ‘fraudulent intent is only to be deduced from facts 
and circumstances which the law considers as mere badges of fraud and not fraud 
per se, these must be submitted to the trier of fact, which draws the inference 
as to the fairness or fraudulent character of the transaction.’” Coleman 
Cattle Co., 10 S.W.3d at 434 (citing Quinn, 303 S.W.2d at 774).
        In 
this case, Appellants produced summary judgment evidence that the transfer was 
to an insider, which is defined in TUFTA as a general partner, director, 
officer, or person in control of the debtor, and their relatives. See Tex. Bus. & Com. Code Ann.§ 
24.005(a)(1). Bret Barnett and Melissa Robinson Barnett had both been officers 
of Robinson Roofing, were respectively the general manager and majority 
shareholder of Robinson Roofing, and were now operating the new company, 
Appellee Robinson Roofing and Construction, after Robinson Roofing changed its 
name to R & B, declared bankruptcy, and was dissolved.
        There 
is also evidence that Appellee received and accepted the transfer of the good 
will and intangible property, from which a reasonable inference may be drawn 
that a transfer was made. Appellants produced evidence of the usage by Appellee 
of Robinson Roofing’s logo, telephone number, address, and similar name, in 
addition to the newly formed company’s advertisements that it had been 
“Family Owned and Operated for Over 35 Years.”
        Furthermore, 
Robinson Roofing had been sued before the transfer was made. See id. § 
24.005(b)(4). Robinson Roofing filed a Chapter 11 petition in February 1998 
after being sued for personal injuries by Appellants. The bankruptcy petition 
itself lists a debt to Jose Flores of $6,903,000 as a contingent, unliquidated, 
and disputed claim that was incurred by the company on September 25, 1990. 
Remarkably, the Flores claim made up the great majority of the company’s 
secured and unsecured total debts of $6,994,381. Similarly, the transfer 
occurred “shortly after a substantial debt was incurred.” See id. § 
24.005(b)(10).
        We 
conclude that Appellants produced more than a scintilla of probative evidence to 
raise an issue of material fact on the issue of intent under TUFTA; therefore, 
this issue was improperly decided on summary judgment under either the 
no-evidence or traditional standard.
2.     Appellee’s 
Awareness That the Transfer Was Fraudulent.
        Appellee 
argues there is no evidence that it was aware of the fraudulent nature of the 
alleged transfer. A transferee’s awareness of the fraudulent nature of a 
transfer is not an essential element of a fraudulent transfer claim. See id. 
§§ 24.005-.006. Section 24.009(a) provides, however, that a transfer is not 
voidable under section 24.005(a)(1) if the transferee “took in good faith and 
for a reasonably equivalent value.” But even if “good faith” equals 
“lack of awareness of the fraudulent nature of the transfer,” Appellee’s 
argument fails for two reasons.
        First, 
good faith is an affirmative defense to a fraudulent transfer claim. See Unif. Fraudulent Transfer Act § 8 cmt. 
1, 7A II U.L.A. 352 (1999) (“The person who invokes this defense carries the 
burden of establishing good faith and the reasonable equivalence of the 
consideration exchanged.”). The burden of proof of this affirmative defense 
rests with Appellee. A party may move for no-evidence summary judgment only on a 
claim or defense on which the adverse party would have the burden of proof at 
trial. Tex. R. Civ. P. 166(a)(i). 
Appellee may not, therefore, assert good faith as a basis for no-evidence 
summary judgment.
        Second, 
Appellants’ summary judgment evidence raised a fact issue on “good faith.” 
Where a transferee is an insider and knows the transferor is insolvent at the 
time of the transfer, it cannot be a good faith transferee. Putman v. 
Stephenson, 805 S.W.2d 16, 20 (Tex. App.—Dallas 1991, no writ). As noted 
above, Appellants produced evidence that the transfer was to an insider. 
Appellants also showed that R & B and Robinson Roofing shared common 
officers; this raises an inference that Robinson Roofing knew R & B was 
insolvent at the time of the transfer.
3.     Value 
of the Transferred Assets.
        Appellee 
argues there is no evidence that the transferred assets had any value. Appellee 
points to section 24.009(b) of the Texas Business and Commerce Code for the 
proposition that proof of value is an essential element of a fraudulent transfer 
claim. Tex. Bus. & Com. Code Ann. 
§ 24.009(b) (Vernon 2002). We disagree. Section 24.009(b) provides in part:
   
[T]o the extent a transfer is voidable in any action by a creditor under 
Section 24.008(a)(1) of this code, the creditor may recover judgment for the 
value of the asset transferred . . . or the amount necessary to satisfy the 
creditor’s claim, whichever is less.
 
Id. 
§ 24.009(b) (emphasis added). Thus the value of transferred assets is an issue 
only when a creditor seeks relief under section 24.008(a)(1). But avoidance of a 
transfer under section 24.008(a)(1) is not the only remedy available to a 
creditor:
   
In an action for relief against a transfer or obligation under this chapter, a 
creditor, subject to the limitations in Section 24.009 of this code, may obtain:
  
(1) 
avoidance of the transfer or obligation to the extent necessary to satisfy the 
creditor's claim;
 
(2) 
an attachment or other provisional remedy against the asset transferred or other 
property of the transferee in accordance with the applicable Texas Rules of 
Civil Procedure and the Civil Practice and Remedies Code relating to ancillary 
proceedings; or
 
(3) 
subject to applicable principles of equity and in accordance with applicable 
rules of civil procedure:
 
(A) 
an injunction against further disposition by the debtor or a transferee, or 
both, of the asset transferred or of other property;
 
(B) 
appointment of a receiver to take charge of the asset transferred or of other 
property of the transferee; or
 
(C) 
any other relief the circumstances may require.
 
Id. 
§ 24.008(a). Under subsections 2 and 3, a creditor may seek attachment of the 
transferred asset or any other relief the circumstances may require—without 
proving the value of the transferred asset under § 24.009(a). We hold, 
therefore, that proof of value is not an essential element of Appellants’ 
fraudulent transfer claim and cannot serve as the basis of a no-evidence summary 
judgment in this case.
4.     Appellants’ 
Status as Creditors.
        Appellee 
argues there is no evidence that Appellants were creditors of the alleged 
transferor, R & B, before the transfer. “Creditor” means a person, 
including a spouse, who has a claim. Id. § 24.002(4). “Claim,” in 
turn, means a right to payment or property, whether or not the right is reduced 
to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, 
disputed, undisputed, legal, equitable, secured, or unsecured. Id. § 
24.002(3).
        Appellants’ 
summary judgment evidence shows that they sued Robinson Roofing Company before 
it changed its name to R & B Roofing and filed for bankruptcy. The date of 
the alleged asset transfer is unclear, but the summary judgment evidence raises 
at least an inference that the transfer occurred after Appellants sued Robinson 
Roofing Company. Appellants’ summary judgment evidence, therefore, raises a 
fact issue as to whether they were creditors of R & B at the time of the 
alleged transfer.
        Because 
Appellants produced summary judgment evidence that raised a genuine issue of 
material fact on each essential element of their fraudulent transfer claim, a 
no-evidence summary judgment is not proper in this case. See Moore, 981 
S.W.2d at 269.
Traditional Motion
1.     Transfer 
of Goodwill.
        We 
turn now to the traditional part of Appellee’s summary judgment motion. 
Appellee argues that, as a matter of law, there was no transfer of goodwill from 
R & B to Appellee. In support of its motion, Appellee filed the affidavit of 
its vice-president, Bret Barnett. Barnett stated that R & B transferred no 
assets, including goodwill, to Appellee. But Appellants claim R & B 
transferred other intangible assets besides goodwill to Appellee. Appellants’ 
summary judgment evidence shows R & B and Appellee shared a similar name and 
address and the identical phone number, logo and phone book graphics. This 
evidence raises a fact issue as to whether R & B transferred some 
assets to Appellee. Even if Appellee conclusively disproved the transfer of 
goodwill, it would not be entitled to summary judgment because Appellants allege 
the transfer of other intangible assets.
2.     Fraudulent 
Transfer.
        Appellee 
next argues there was not, as a matter of law, any fraudulent transfer of any 
nature from R & B to Appellee. As noted in the previous paragraph, 
Appellants’ summary judgment evidence raises a fact issue as to whether assets 
were transferred from R & B to Appellee. The question, then, is whether 
Appellee conclusively negated the possibility the transfer was fraudulent.
        A 
transfer made by a debtor is fraudulent as to a creditor if the debtor made the 
transfer or incurred the obligation with actual intent to hinder, delay, or 
defraud any creditor of the debtor. Tex. 
Bus. & Com. Code Ann. § 24.005(a). As detailed in our discussion of 
Appellee’s no-evidence motion, the summary judgment evidence raises fact 
issues as to (a) whether Appellants were creditors of R & B at the time of 
the alleged transfer, and (b) whether R & B made the alleged transfer with 
actual intent to hinder, delay, or defraud Appellants. These fact issues 
preclude summary judgment on the question of whether the alleged transfers were 
fraudulent.
3.     Value 
of Goodwill.
        Finally, 
Appellee argues it is entitled to summary judgment because the summary judgment 
evidence conclusively proves the goodwill of R & B had no value at the time 
of the transfer. For summary judgment evidence, Appellee relies on Appellants’ 
answer to an interrogatory:
  
State the exact amount that you claim was the value of the good will which you 
claim was transferred from R & B Roofing Company to Defendant. . . .
   
Answer: 
Plaintiff does not know, and does not intend to prove the value of such good 
will.
 
        In 
our analysis of Appellee’s no-evidence motion, we determined that proof of 
value of a transferred asset is not an essential element of a fraudulent 
transfer claim. Moreover, Appellants allege the transfer of intangible assets 
besides goodwill. Thus even if the summary judgment evidence conclusively proved 
that R & B’s goodwill had no value, Appellee would not be entitled to 
summary judgment.
CONCLUSION
        We 
hold that material fact issues preclude summary judgment. We sustain 
Appellants’ sole issue. We reverse the trial court’s judgment and remand the 
cause for further proceedings. See Tex. 
R. App. P. 43.2(d).
    
                                                                  ANNE 
GARDNER
                                                                  JUSTICE
   
  
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.
 
DELIVERED: March 24, 2005


NOTES
1.  
M & B listed Appellants as creditors holding a $6,859,000 unsecured 
claim.  M & B was discharged from bankruptcy after the bankruptcy 
trustee determined that it had no assets.