# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR RECONSIDERATION EN BANC

## NO. 03-04-00683-CV

**Save Our Springs Alliance, Inc., Appellant**

**v.**

**City of Dripping Springs; Todd Purcell, in his Official Capacity as Mayor of the City of Dripping Springs; and Mak Foster Ranch, L.P., Appellees**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT NO. 02-1748, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

Review *en banc* is warranted to "secure or maintain uniformity" of this Court's decisions. *See* Tex. R. App. P. 41.2(c). Because the two-justice panel's decision is inconsistent with this Court's jurisprudence in an important and recurring area of law—an association's standing to pursue its member's claims of environmental harm—I respectfully dissent from the denial of appellant's motion for *en banc* reconsideration.

The panel holds that, in the absence of a statute conferring standing, appellant Save Our Springs Alliance, Inc. ("SOS Alliance") was required to show that one of its members had a property interest affected by appellees' actions. The panel's holding, narrowing the class of claimants with common law standing to assert recreational, scientific, and environmental harm,

conflicts with other opinions of this Court. *See Texas Rivers Prot. Ass'n v. Texas Natural Res. Conservation Comm'n*, 910 S.W.2d 147, 151-52 (Tex. App.—Austin 1995, writ denied).

In *Texas Rivers Protection Association*, this Court held that "[a]n injury need not affect 'vested' property rights to confer standing" and that "the harm [for purposes of standing] may be economic, recreational, or environmental." *See id.*; *see also Coastal Habitat Alliance v. Public Util. Comm'n*, 294 S.W.3d 276, 287 (Tex. App.—Austin 2009, no pet.) (recognizing this Court's holding in *Texas Rivers Protection Association* that "[a]n injury need not affect 'vested' property rights to confer standing" and, thus, "the harm [for purposes of standing] may be economic, recreational, or environmental")[1]; *Walker v. City of Georgetown*, 86 S.W.3d 249, 253 (Tex. App.—Austin 2002, pet. denied) (common law rule for standing to enjoin actions of governmental body satisfied if "the challenged action has caused the plaintiff some injury in fact, either economic, recreational, environmental, or otherwise"); *Lindig v. City of Johnson City*, No. 03-08-00574-CV, 2009 Tex. App. LEXIS 8188, at *19-20 (Tex. App.—Austin Oct. 21, 2009, no pet.) (op. on reh'g) (citing common law rule for standing in *Walker*).

The panel cites *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and *Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976), to support its holding that SOS Alliance was required to show that one of its members had an affected property interest to have standing. Neither case,

---

[1] In *Coastal Habitat Alliance*, this Court also cites *Cantrell v. City of Long Beach*, 241 F.3d 674, 681 (9th Cir. 2001) ("That the litigant's interest [for purposes of standing] must be greater than that of the public at large does not imply that the interest must be a substantive right sounding in property or contract."), to support its conclusion that "[w]hether a plaintiff has standing in federal courts to assert a cause of action is not indicative of the deprivation of a vested property right." *Coastal Habitat Alliance v. Public Util. Comm'n*, 294 S.W.3d 276, 287 (Tex. App.—Austin 2009, no pet.).

however, supports curtailing common law standing here. That a party does not have standing to assert a fraud claim when he was not the defrauded party is not analogous to SOS Alliance's alleged injury to its members' environmental, recreational, and scientific interests in public land. *See Nobles*, 533 S.W.2d at 927.

As to *Lujan*, the panel cites the Supreme Court's definition of "injury in fact." *See* 504 U.S. at 560. In the context of standing under Article III of the United States Constitution, the Supreme Court defined "injury in fact" as "an invasion of a legally protected interest which is . . . concrete and particularized" and "'actual or imminent.'" *Id.* (citation omitted); *see also* U.S. Const. art. III. The panel focuses on the Supreme Court's requirement that the interest be "legally protected," but the Supreme Court did not purport to restrict standing to property owners affected by the challenged action there.

In that case, environmental associations on behalf of their members challenged a rule promulgated by the Secretary of the Interior concerning certain funded activities abroad that allegedly increased the rate of extinction of endangered and threatened species. *Lujan,* 504 U.S. at 562. Although the Supreme Court concluded that the associations failed to show injury in fact to have standing to seek judicial review of the rule, the Supreme Court recognized that, "[o]f course, the desire to use or observe an animal species, even for purely esthetic purposes, is undeniably a cognizable interest for purpose of standing." *Id.* at 562-63. The Supreme Court denied associational standing, not because a member did not have a property interest, but because the associations failed to demonstrate redressability and "actual or imminent" injury—i.e., that a member had "concrete plans" to visit an area affected by the rule. *Id.* at 564, 568.

The Supreme Court more recently addressed injury in fact in the context of allegations of environmental harm to the national forests:

> It is common ground that the respondent organizations can assert the standing of their members. To establish the concrete and particularized injury that standing requires, respondents point to their members' recreational interests in the National Forests. While generalized harm to the forest or the environment will not alone support standing, if that harm in fact affects the recreational or even the mere esthetic interests of the plaintiff, that will suffice.

*See Summers v. Earth Island Inst.*, 129 S. Ct. 1142, 1149 (2009); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 183 (2000) (quoting *Sierra Club v. Morton*, 405 U.S. 727, 735 (1972)) ("We have held that environmental plaintiffs adequately allege injury in fact when they aver that they use the affected area and are persons 'for whom the aesthetic and recreational values of the area will be lessened' by the challenged activity."); *Bennett v. Spear*, 520 U.S. 154, 167 (1997) (defining injury in fact as "an invasion of a judicially cognizable interest"). Consistent with its decision in *Lujan*, the Supreme Court denied standing to challenge the regulations at issue because there was no live dispute over a concrete application of the regulations, not because the organizations failed to show a property interest by their members to confer standing. 129 S. Ct. at 1152-53.[2]

This Court's holding in *Texas Rivers Protection Association* that "an injury need not affect 'vested' property rights to confer standing" conforms with federal case law concerning

---

[2] In *Summers*, the government conceded that affidavits that a member had "repeatedly visited" a particular public site, that he had "imminent plans to do so again," and that "his interests in viewing the flora and fauna of the area" would be harmed were sufficient to establish standing under Article III. *Summers v. Earth Island Inst.*, 129 S. Ct. 1142, 1149 (2009).

standing under Article III. *See Summers*, 129 S. Ct. at 1149; *Lujan*, 504 U.S. at 562-63; *Texas Rivers Prot. Ass'n*, 910 S.W.2d at 151-52. The panel's holding to the contrary here should not be sustained in the absence of review *en banc*. *See* Tex. R. App. P. 41.2(c).

Because the panel's decision is inconsistent with this Court's jurisprudence in an important and recurring area, I would grant appellant SOS Alliance's motion for *en banc* reconsideration.[3]

_____

Jan P. Patterson, Justice

Before Chief Justice Jones, Justices Patterson, Puryear, Pemberton, Waldrop and Henson
   Joined by Justice Henson

Filed: February 12, 2010

_____

[3] Because I believe review *en banc* is warranted based upon the standing issue, I limit my review to this ground.