

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-16-00362-CV**

**JSFN, LLC D/B/A SMILE, INC.,**

Appellant

 **v.**

**SJ PROPERTIES, LLC, TT PROCUREMENT,**
**INC., REGW LLC, MJ ATMS INC. AND**
**BNA ASSOCIATES, LLC,**

Appellees

**From the 443rd District Court**
**Ellis County, Texas**
**Trial Court No. 93016**

**MEMORANDUM OPINION**

JSFN, LLC d/b/a SMiLe, Inc. (JSFN) filed a lawsuit against SJ Properties, LLC, TT

Procurement, Inc., REGW LLC, MJ ATMs Inc., and BNA Associates, LLC (the SJ entities)

demanding an accounting and distribution and requesting damages and attorney's fees.

The SJ entities filed a motion to dismiss for want of jurisdiction alleging that JSFN had no

standing to bring the suit. After a hearing on two non-consecutive days, the trial court granted the SJ entities' motion to dismiss. Because the trial court did not err in granting SJ's motion to dismiss, the trial court's Order Sustaining Defendants' Motion to Dismiss for Lack of Jurisdiction is affirmed.

Sharmyn Long formed SMiLe, Inc. in 2000. SMiLe's charter lapsed in 2003. In 2006, JSFN was formed. Long was JSFN's sole owner and shareholder. SJ Properties, LLC's sole owner and shareholder was Long's former husband, James Foitek. Foitek had some ownership interest in the remainder of the entities sued. In its original and first amended petition, JSFN claimed it was entitled to review the records of the SJ entities because JSFN and SMiLe had invested in them from 2002 to 2011. The SJ entities moved to dismiss the lawsuit for lack of jurisdiction asserting JSFN had no standing to assert the claims raised in its petition.

Essentially, the SJ entities filed a plea to the jurisdiction. A plea to the jurisdiction seeks dismissal of a case or a cause of action for lack of subject matter jurisdiction. *See Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Subject matter jurisdiction involves a court's power to hear a case or cause of action. *Tellez v. City of Socorro*, 226 S.W.3d 413, 413 (Tex. 2007). Standing is a constitutional prerequisite to subject-matter jurisdiction and may be raised by a plea to the jurisdiction. *See Sneed v. Webre*, 465 S.W.3d 169, 179-180 (Tex. 2015); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

We review the trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). When such a plea challenges the pleadings, we construe the pleadings liberally in favor of the pleader and determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010); *Miranda*, 133 S.W.3d at 226. If a plea challenges the existence of jurisdictional facts, as it does in this case, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Miranda*, 133 S.W.3d at 227. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id*. at 227-228. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id*. Further, we take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Id*. at 228.

Generally, unless standing is conferred by statute, "a plaintiff must demonstrate that he or she possesses an interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury." *Williams v. Lara*, 52 S.W.3d 171, 178-179 (Tex. 2001). "The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005).

Without a breach of a legal right belonging to the plaintiff, no cause of action can accrue to his benefit. *See Nobles v. Marcus*, 533 S.W.2d 923, 927, 19 Tex. Sup. Ct. J. 197 (Tex. 1976).

Here, standing, if any, is conferred by statute. JSFN demanded to examine the SJ entities' records and, according to the Texas Business Organizations Code, JSFN was required to be a shareholder of the SJ entities to make such a demand.[1] *See* TEX. BUS. ORG. CODE ANN. § 21.218 (West 2012). In support the SJ entities' motion to dismiss, affidavits from each owner were attached to the motion which stated:

> Plaintiff, JSFN, LLC has never been an owner and has never paid any consideration of any kind to obtain an ownership interest in BNA Associates, LLC, TT Procurement, Inc., SJ Properties, LLC, and REGW, LLC. Neither have I nor any other owner ever contemplated including JSFN, LLC in any form and specifically not as an investment strategy for JSFN, LLC.[2]

Long did not dispute these affidavits. Rather, she testified at the hearing that she wrote checks from the JSFN or SMiLe account to herself and gave the checks to Foitek who would either cash the checks or deposit the checks into SJ's account. Long confirmed that she had no stocks in SJ. She further confirmed that she was divested of all ownership in SJ when she and Foitek divorced in 2013. Although Long testified that SJ funneled the money from JSFN into the other entities, there was no testimony, and there has been no

---

[1] Although JSFN cites to a case in its appellate brief involving standing in a derivative action, this was not a derivative action. There was no allegation of a refusal to sue, breach of duty, or an injury to a stockholder. *See Sneed v. Webre*, 465 S.W.3d 169, 182 (Tex. 2015).

[2] No affidavit from an owner of MJ ATMs, Inc. was provided because the parties agreed at the hearing on the SJ entities' motion to dismiss that since 2013, MJ ATMs, Inc. was no longer in business.

case law cited, to the effect that investment in a corporation is the equivalent to being a shareholder.[3]

Based on our de novo review of the evidence presented, there was no fact issue to be decided. JSFN is not a shareholder of the SJ entities and has no standing to pursue a suit demanding an inspection of the SJ entities' records. Accordingly, the trial court did not err in granting the SJ entities' motion to dismiss.

JSFN's issues on appeal are overruled, and the trial court's Order Sustaining Defendants' Motion to Dismiss for Lack of Jurisdiction is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed April 18, 2018
[CV06]



---

[3] JSFN stated in its answer to the motion to dismiss that there was such case law but did not provide a citation in the answer and has not provided any case law on appeal. JSFN may have been relying on the court of appeals' opinion in *Weber* regarding "equitable ownership" for its statement in its answer to the motion to dismiss; however, *Weber* was a review of a derivative action and the concept of "equitable ownership" was in reference to stock ownership in a parent company which wholly owned a subsidiary. *See Weber v. Sneed*, 358 S.W.3d 322, 333-334 (Tex. App.—Houston [1st Dist.] 2011), *aff'd on other grounds*, *Sneed v. Webre*, 465 S.W.3d 169 (Tex. 2015).