**Opinion issued August 19, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00949-CV

———————————

## MORLOCK, L.L.C., Appellant

## V.

## THE BANK OF NEW YORK, AS TRUSTEE ON BEHALF OF THE CERTIFICATE HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2004-13, Appellee

---

### On Appeal from the County Civil Court at Law No. 3
### Harris County, Texas
### Trial Court Case No. 1024144

---

### O P I N I O N

Appellant Morlock, L.L.C. sued The Bank of New York to stop foreclosure on a Harris County house. Morlock alleged that it owned the house, and that the bank had no interest in it and no authority to foreclose. The bank counterclaimed,

requesting a declaratory judgment acknowledging its rights as mortgagee in the home. The bank then successfully moved for traditional summary judgment, obtaining both dismissal of Morlock's claims and the declaratory judgment it sought. Finding no reversible error, we affirm.

### Background

Harshidaben and Jigar Sandesara borrowed money to purchase a home in Harris County, making a note and giving a recorded deed of trust to Mortgage Investment Lending Associates, Inc. ("MILA"). MILA assigned the deed of trust to Countrywide Document Custody Services, a Division of Treasury Bank, N.A. This assignment was filed in the public records of Harris County. Countrywide in turn assigned the deed of trust to The Bank of New York ("BONY"), and that assignment was also filed in the public record.

The Sandesaras' home was located in a neighborhood with a homeowner's association. The association held a lien on the home to secure payment of assessments owed under neighborhood covenants. When these assessments fell into arrears, the association foreclosed its lien and gave Morlock, the purchaser, a trustee's deed. By its terms, the lien held by the homeowner's association was inferior to a purchase money mortgage.

BONY subsequently posted notice of nonjudicial foreclosure. In response, Morlock sued to stop the foreclosure. It alleged that BONY did not have an interest

in the property for two reasons: BONY was not the owner or holder of the note and the person who executed the assignment from MILA to Countrywide was not authorized to do so.

BONY counterclaimed, seeking a declaratory judgment that the deed of trust was a valid lien on Morlock's property, that it was the owner of the deed of trust, and that it had the right to foreclose. BONY then moved for traditional summary judgment, asking the court to dismiss Morlock's claims and to enter the declaratory judgment that it sought. BONY argued that Morlock lacked standing to challenge the assignment from MILA to Countrywide on the grounds that it was unauthorized by MILA. BONY also argued that it did not need to show that it was the owner or a holder of the note to establish its right to foreclose. The trial court granted the motion, and Morlock timely filed notice of appeal.

**Analysis**

In its appellate brief, Morlock argues that it has standing to challenge whether BONY is the owner and holder of the note and deed of trust and that the summary-judgment evidence does not conclusively establish that BONY is the owner and holder of the note and deed of trust.

We review a summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Traditional summary judgment is properly granted only when a movant establishes that there are no genuine issues

3

of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). To determine whether there is a genuine issue of material fact, we consider evidence favorable to the nonmovant as true and draw every reasonable inference in its favor, resolving all doubts on the side of the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

## I. Standing

Morlock's first appellate issue addresses standing. In its amended petition, Morlock alleged that "the person who executed the assignment [of the deed of trust] was not authorized to execute the assignment on behalf of Mila, Inc." to Countrywide. In sum, Morlock's challenge to the assignment was that it was executed by a person who did not have authority to execute the assignment as an agent of MILA.

Notably, this case does not concern an accusation of forgery. Morlock did not allege that the person who signed the document purported to act as someone else. For example, it did not charge that someone signed the name of a MILA executive without that executive's approval. *Cf. Vazquez v. Deutsche Bank Nat'l Trust Co., N.A.*, No. 01–13–00220–CV, 2014 WL 3672892, at *4 (Tex. App.—Houston [1st Dist.] July 24, 2014, no pet. h.). Such an allegation would have been

a claim of forgery. *See Nobles v. Marcus*, 533 S.W.2d 923, 925–26 (Tex. 1976) ("[T]o be a forgery the signing must be by one who purports to act as another.").

A plaintiff who is not a party to an assignment lacks standing to challenge the assignment on grounds which render it merely voidable at the election of one of the parties. *See Vazquez*, 2014 WL 3672892, at \*2; *see also Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013) (applying Texas law); *Tri–Cities Constr., Inc. v. Am. Nat'l Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ); *Glass v. Carpenter*, 330 S.W.2d 530, 537 (Tex. Civ. App.—San Antonio 1959, writ ref'd n.r.e.).

"Deeds procured by fraud are voidable only, not void, at the election of the grantor." *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976) (distinguishing between challenges based upon fraud and forgery). When someone without authorization signs a conveyance on behalf of a grantor corporation, the cause of action for fraud to set aside the assignment belongs to the grantor. *See id.* at 926–27. A third party lacks standing to challenge this voidable defect in the assignment. *See id.* at 927.

Morlock relies on two cases from the United States Court of Appeals for the Fifth Circuit, *Reinagel v. Deutsche Bank National Trust Co.*, 735 F.3d 220 (5th Cir. 2013), and *Reeves v. Wells Fargo Home Mortgage*, 544 F. App'x 564 (5th Cir. 2013) (per curiam), *cert. denied*, 134 S. Ct. 2668 (2014). Neither case, however,

supports Morlock's standing to challenge an unauthorized assignment. The *Reinagel* court held that lack of authority to enter an assignment of a deed of trust on behalf of a corporate principal was a voidable defect that the plaintiff mortgagor lacked standing to challenge. 735 F.3d at 226.The issue in *Reeves* was whether a plaintiff who had acquired property subject to a deed of trust through a quitclaim deed had standing to contest the validity of a subsequent foreclosure under the deed of trust. 544 F. App'x at 568. The *Reeves* court did not consider whether a property owner has standing to challenge an unauthorized assignment. *See id.*

Accordingly, we hold that as a nonparty to the transaction, Morlock lacks standing to claim that the assignment from MILA to Countrywide was executed without authorization. Morlock's first issue is overruled.

## II.     Right to foreclose under trust deed

In its second issue, Morlock argues that the summary-judgment evidence fails to establish that BONY is the owner and holder of the note and the deed of trust. BONY argues in response that whether it is the owner or holder of the note is irrelevant to its interest in the real property at issue and its right to foreclose, both of which are established by the deed of trust. BONY also argues that it presented evidence that it received the deed of trust through an unbroken chain of recorded assignments.

BONY attached to its motion for summary judgment a copy of the recorded deed of trust to MILA, a copy of the recorded assignment of deed of trust from MILA to Countrywide, and a copy of the recorded assignment of deed of trust from Countrywide to BONY. The Bank thus established that it is the owner of the deed of trust. *Cf. Leavings v. Mills*, 175 S.W.3d 301, 314 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (reversing summary judgment when chain of assignments in evidence did not reach defendant). Neither BONY nor Morlock has introduced a copy of the note into the record.

"It is so well settled as not to be controverted that the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are severable . . . ." *Carter v. Gray*, 215 Tex. 219, 221, 81 S.W.2d 647, 648 (Tex. 1935); *accord Stephens v. LPP Mortg., Ltd.*, 316 S.W.3d 742, 746 (Tex. App.—Austin 2010, pet. denied); *Poston v. Wachovia Mortg. Corp.*, No. 14–11–00485–CV, 2012 WL 1606340, at *2 (Tex. App.—Houston [14th Dist.] May 8, 2012, pet. denied) (mem. op.). "Consequently, a deed of trust may be enforced by the mortgagee, regardless of whether the mortgagee also holds the note." *Lowery v. Bank of Am., N.A.*, No. 04–12–00729–CV, 2013 WL 5762227, at *2 (Tex. App.—San Antonio Oct. 23, 2013, no pet.) (mem. op.); *accord Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (applying Texas law); *Bierwirth v. BAC Home Loans Servicing, L.P.*, No.

7

03–11–00644–CV, 2012 WL 3793190, at \*3 (Tex. App.—Austin Aug. 30, 2012, pet. denied) (mem. op.); *Hornbuckle v. Countrywide Home Loans, Inc.*, No. 02–09–00330–CV, 2011 WL 1901975, at \*3 (Tex. App.—Fort Worth May 19, 2011, no pet.) (mem. op.).

As the *Bierwirth* court explained, this conclusion follows both from the principle that the note and deed of trust are severable and the fact that the provisions of the Texas Property Code governing nonjudicial foreclosure do not require possession or production of the original note. *See Bierwirth*, 2012 WL 3793190, at \*3. The Code sets conditions for "a sale of real property under a power of sale conferred by a deed of trust or other contract lien." TEX. PROP. CODE ANN. § 51.002(a) (West Supp. 2013). It defines a "mortgagee" as the "grantee" or "beneficiary" of a "security instrument" or as "the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4). Although a mortgagee must give notice and follow other specified procedures, there is no requirement that the mortgagee possess or produce the note that the deed of trust secures in order to conduct a nonjudicial foreclose. *See id.* § 51.002.

The Fifth Circuit also recently considered whether a Texas mortgagee must show ownership of the note to execute its lien. *Martins*, 722 F.3d at 254–55. The court correctly recognized that the "weight of Texas authority" supports the proposition that the party owning the deed of trust need not also show that it is the

8

owner or holder of the note in order to foreclose. *Id.* at 255. Yet, in its review of Texas cases, that court characterized this court's decision in *Leavings v. Mills*, 175 S.W.3d 301 (Tex. App.—Houston [1st Dist.] 2004, no pet.), as opposing the "weight of Texas authority." *Id.* at 254–55. It described *Leavings* as holding that "to foreclose through a deed of trust or sue on a note, a party must prove that it owns and holds the note." *Id.* at 254.

We respectfully disagree with the *Martins* court's characterization of the holding in *Leavings*. The reasoning in *Leavings*, which involved a retail installment contract for a solar water heating system and an associated mechanic's and materialman's lien, cannot be construed to support a holding that a party seeking to foreclose through a deed of trust must additionally prove ownership of the note. Mills, the defendant and putative owner of the note and deed of trust in that case, failed to establish a complete chain of assignments for either the deed of trust or the note. *Leavings*, 175 S.W.3d at 307–08, 313–14. When this court faulted Mills for his failure to show ownership of the note, *id.* at 314, it was not stating necessary conditions but ruling out alternative grounds for foreclosure. *See id.* The discussion affirmed that the evidence failed to establish Mills's right to foreclose, either through ownership of the note or through ownership of the deed of trust. *See id.* This court did not hold in *Leavings* that ownership of the note was essential to foreclosure. *See id.* ("Since Mills has failed to show that he is either the owner or

the holder of the note or of the trust deed, we hold that Mills has failed to establish his entitlement to summary judgment.").[*]

Since the Bank proved that it is the owner of the deed of trust, it established its interest in the property and right to foreclose as a matter of law regardless of whether it was also a holder or the owner of the note. *See Lowery*, 2013 WL 5762227, at *2; *Bierwirth*, 2012 WL 3793190, at *3; *Hornbuckle*, 2011 WL 1901975, at *3. Morlock's petition did not seek independent relief in relation to the note but only "a judgment which determines whether Defendant Bank of New York has any interest in the Property and whether Defendant Bank of New York has any right to foreclose on the property." Likewise, the Bank's counterclaim sought only a declaratory judgment recognizing its interest in the house and right to foreclose. Accordingly, the trial court did not err in granting summary judgment in favor of the Bank. Morlock's remaining issues are overruled.

---

[*] *Leavings* also involved a materially different and distinguishable fact pattern. Unlike the Fifth Circuit in *Martins*, *see* 732 F.3d at 254–55, this court in *Leavings* was not interpreting section 51.0025 of the Property Code, authorizing foreclosure by a mortgage servicer, as that provision had not yet been enacted at the time of the putative assignment at issue in the case. *Compare Leavings*, 175 S.W.3d at 306 (litigation challenging putative assignee's authority to foreclose initiated in 1997), *with* TEX. PROP. CODE ANN. § 51.0025 (West 2007), *and* Act of June 20, 2003, 78th Leg., R.S., ch. 554, § 1, 2003 Tex. Gen. Laws 1897, 1898 (adding section 51.0025 to Property Code). In other words, the statute relied upon by the *Martins* opinion to characterize *Leavings* as holding contrary to the "weight of Texas authority" did not apply to the circumstances addressed in *Leavings*, both as a factual matter (no party in *Leavings* was a "mortgage servicer") and because it had not been enacted at the relevant time.

## Conclusion

We affirm the judgment of the trial court.

Michael Massengale
Justice

Panel consists of Justices Jennings, Bland, and Massengale.