# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00790-CV

**Grant Trevarthen, Appellant**

**v.**

**New Century Mortgage Corporation; U.S. Bank National Association,
as Trustee for The Pooling and Servicing Agreement dated as of September 1, 2006
Master Asset Backed Securities Trust 2006-NC2 Mortgage Pass-Through Certificates
Series 2006-NC2; Barclays Capital Real Estate Inc. d/b/a HomEq Servicing;
Brandon Wolf; and Mark Hopkins, Appellees**

---

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 11-067-C368, HONORABLE BURT CARNES, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Grant Trevarthen appeals from the trial court's granting of summary judgment in favor of appellees New Century Mortgage Corporation ("New Century"); U.S. Bank National Association, as Trustee for The Pooling and Servicing Agreement dated as of September 1, 2006 Master Asset Backed Securities Trust 2006-NC2 Mortgage Pass-Through Certificates Series 2006-NC2 ("U.S. Bank"); Barclays Capital Real Estate Inc. d/b/a HomEq Servicing ("Barclays"); Brandon Wolf; and Mark Hopkins.[1]  We affirm the trial court's summary judgment.

---

[1] Trevarthen nonsuited New Century prior to judgment, stating that it had filed for bankruptcy. Two other appellees—Hopkins, allegedly the substitute trustee, and Wolf, an attorney allegedly involved in the "pre-foreclosure process"—were dismissed by a trial court order, signed about six months before the summary judgment hearing, which Trevarthen does not challenge on appeal. Thus, Trevarthen would not be entitled to appellate relief against those parties even if we determined his appellate issues had merit.

## Factual and Procedural Background

In 2006, Antonio Aviles bought the subject property, signing a Deed of Trust ("Deed") and Adjustable Rate Note ("Note") in favor of New Century in exchange for a mortgage loan. New Century filed for bankruptcy in 2007; the bankruptcy proceeding is apparently still active. In 2008, the Note was assigned to U.S. Bank by Barclays as New Century's attorney-in-fact when Barclays' Assistant Secretary signed an Assignment of Lien ("Assignment"). Aviles defaulted on the Note, and U.S. Bank initiated foreclosure proceedings, giving Aviles notice in November 2010 that a foreclosure sale would take place on January 4, 2011. On December 31, 2010, Aviles signed a quitclaim deed purporting to convey to Trevarthen his interests in the property in exchange for $10. Trevarthen filed the quitclaim deed in the public records at 10:13 a.m. on January 4, 2011, and at 11:23 a.m. that same day, the foreclosure sale took place.

On January 26, 2011, Trevarthen filed suit to quiet title and for wrongful foreclosure. Trevarthen and appellees filed competing motions for summary judgment.[2] In his motion, Trevarthen relied heavily on deemed admissions he claimed appellees had made by not responding timely to his discovery requests. Appellees responded with evidence that they had timely responded and, thus, that no admissions had been deemed against them.[3] Apart from the purported admissions, Trevarthen's motion merely asserted that he was the rightful owner of the property, asserted that

---

[2] Trevarthen was pro se in the trial court until after he filed his first motion for summary judgment. His second motion for summary judgment was filed through an attorney, who continues to represent him on appeal.

[3] The deemed admissions were discussed at the summary judgment hearing, with appellees providing evidence that the discovery responses were mailed on time, and with Trevarthen arguing that they were untimely. Trevarthen does not raise the issue on appeal.

New Century had filed for bankruptcy in 2007, and attached as evidence the Assignment, the quitclaim deed, the foreclosure sale deed, and U.S. Bank's appointment of a substitute trustee.

In their motion for summary judgment, appellees asserted that U.S. Bank was the rightful owner of the property by way of the 2008 Assignment. They put forth as evidence Aviles's loan documents, including the Note and the Deed, the Assignment, letters to Aviles giving notice that the property was going into foreclosure, the notice of the foreclosure sale, and the foreclosure sale deed. Trevarthen did not file a timely response to appellees' motion.[4] Following a hearing, the trial court signed a final summary judgment in favor of appellees, holding that the foreclosure sale was properly conducted, that U.S. Bank has "all right, title and interest in the property," and that Trevarthen should take nothing by his claims.

---

[4] Trevarthen filed a second motion for summary judgment fifteen days before the hearing, a response to appellees' motion for summary judgment two days before the hearing, and an amended petition on the morning of the hearing. None of those documents were timely. *See* Tex. R. Civ. P. 63 (party must have leave of court to amend pleadings within seven days of trial, which includes summary judgment hearing), 166a(c) (summary judgment motion and evidence must be filed twenty-one days before "time specified for hearing," and, unless party obtains leave of court, response and accompanying evidence must be filed at least seven days before hearing). Trevarthen did not set his second motion for summary judgment for hearing, *see id.* R. 166a(c), nor did he seek or obtain trial court permission for any of the late filings. At the hearing, the parties and trial court discussed whether those documents should be considered, and the trial court's summary judgment explicitly states that it had only considered (1) Trevarthen's original motion for summary judgment and (2) appellees' motion for summary judgment.

Trevarthen's second motion, response, and amended petition were not considered by the court, and we will not consider arguments raised in or evidence filed with them. *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996) (if record does not show trial court gave leave to file untimely evidence, appellate court presumes evidence was not considered by court); *BP Am. Prod. Co. v. Zaffirini*, 419 S.W.3d 485, 509 (Tex. App.—San Antonio 2013, pet. denied) (same); *see also Fertic v. Spencer*, 247 S.W.3d 242, 250-51 (Tex. App.—El Paso 2007, pet. denied) (plaintiff did not file response to no-evidence summary judgment, only untimely motion for partial summary judgment; even construing motion as response, it was not timely, and appellate court presumed trial court did not consider it).

3

**Discussion**

On appeal, Trevarthen argues that the trial court erred in granting summary judgment in favor of appellees[5] because the Assignment violated the automatic bankruptcy stay and thus is void, that Barclays' appointment as New Century's attorney-in-fact is void because it violated the bankruptcy stay and section 192.007 of the local government code, that New Century had already sold the loan to another bank in 2006 and could not have assigned it to U.S. Bank, that U.S. Bank could not show an unbroken chain of custody, and that the Deed did not allow anyone other than New Century to appoint a substitute trustee.

### *Standing*

We will consider Trevarthen's arguments despite appellees' contention that Trevarthen lacks standing to raise any issues related to the transfer of the Note and associated concerns related to the propriety of the foreclosure sale. *See Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex. 1988) (holding that third party to foreclosure sale who has property interest has standing to contest validity of sale under deed of trust "to the extent that its rights will be affected by the sale"); *Morlock, L.L.C. v. Nationstar Mortg., L.L.C.*, No. 14-12-01117-CV, 2014 WL 3866478, at *3 (Tex. App.—Houston [14th Dist.] Aug. 7, 2014, no pet. h.) (landowner has standing to challenge purported assignment of deed of trust).

---

[5] The standards we use to review a trial court's decision on a motion for summary judgment are well-established. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000) (dueling motions).

We first turn to Trevarthen's arguments that the Assignment was void because it violated the automatic stay that began when New Century filed for bankruptcy in 2007. *See* 11 U.S.C. § 362(a). The issue of New Century's bankruptcy was only raised by the following assertions and evidence that were before the trial court at the time of the hearing:

- a February 2011 letter from Monika McCarthy, signing as "consultant to New Century Liquidating Trust," which stated that New Century had no interest in Aviles' loan and that the loan had been "[s]old to UBS in June 2006, and service released to HomEq Servicing Corporation,"[6] attached to Trevarthen's original petition;

- Trevarthen's statements in his notice of dismissal and motion for summary judgment that New Century had filed for bankruptcy in 2007;

- Trevarthen's unsupported assertion in his motion for summary judgment that U.S. Bank had admitted (through the purported deemed admissions) that the person who signed the Assignment was not Barclay's Assistant Secretary, was not the bankruptcy trustee, and had "no authority to sign an assignment for any entity"[7];

- Trevarthen's assertion in his motion for summary judgment that "[i]t was an impossibility for bankrupt New Century or anyone acting for bankrupt New Century to have assigned a note or deed of trust to 'the Trust' after it filed bankruptcy and after the trust by its own terms could not accept a security or note."

---

[6] The letter actually refers to two loans made to Aviles, but we find no reference to a second loan anywhere else in the appellate record.

[7] Trevarthen did not present any evidence supporting those assertions or otherwise calling into question Barclays' authority to act on New Century's behalf. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 226 (5th Cir. 2013) (homeowners challenged validity of instrument because signatory was employed by Citi Residential Leasing, not by mortgage company, but evidence showed signatory signed as "'authorized agent' of '*Citi* . . ., [a]ttorney-in-[f]act'" for mortgage company; homeowners did not allege or show signatory lacked authority to act on behalf of Citi or that Citi lacked authority to act on behalf of mortgage company).

5

Trevarthen never made a clear argument before the trial court that New Century's bankruptcy and the attendant stay rendered the Assignment void. However, assuming that the issue either was fairly raised or can be raised for the first time on appeal, *see McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) (motion for summary judgment "must stand or fall on the grounds expressly presented in the motion" without reliance on briefs or evidence to determine grounds presented, and non-movant must present defensive issues in written response, not by "mere reference to summary judgment evidence"); *see also Mansions in the Forest, L.P. v. Montgomery Cnty.*, 365 S.W.3d 314, 317 (Tex. 2012) (discussing preservation of error), there is no evidence the automatic stay applied to the Assignment, much less rendered it void.

Section 362(a) stays, *inter alia*, "a judicial, administrative, or other action or proceeding *against the debtor* . . . or to recover a claim *against the debtor*," an act to obtain property from the debtor's estate or to exercise control over property in the estate, or an act creating or enforcing a lien against property in the estate. 11 U.S.C. § 362(a) (emphasis added). Section 549, on the other hand, addresses "postpetition transactions" and gives a bankruptcy trustee discretion to decide whether to undo certain property transfers that occur after the filing of a bankruptcy petition. *Id.* § 549. Furthermore, a bankruptcy trustee may authorize the sale of property, *id.* § 363, and a bankruptcy court may validate an otherwise void act by retroactively granting relief from the automatic stay, *see id.* § 362(d); *Stephens v. Hemyari*, 355 S.W.3d 10, 14 (Tex. App.—Dallas 2010), *rev'd on other grounds*, 355 S.W.3d 623 (Tex. 2011).

"[T]he policy behind § 362 is to protect the estate from being depleted by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal and distribute

the assets," and "is not applicable to offensive actions by the debtor in possession or bankruptcy trustee." *In re White*, 186 B.R. 700, 704 (B.A.P. 9th Cir. 1995); *see also In re Tippett*, 542 F.3d 684, 691 (9th Cir. 2008) (automatic stay "is designed to protect the debtor against his creditors, whereas § 549(a) is designed to protect creditors against unauthorized transfers by the debtor"). Trevarthen has not shown that the Assignment violated the automatic stay and was void ab initio. We overrule Trevarthen's arguments related to the bankruptcy stay.

<em><u>Barclays' Authority</u></em>

Trevarthen asserts that Barclays lacked authority to assign the Note to U.S. Bank because of the bankruptcy stay and because no power of attorney was ever recorded in the public records, citing to section 192.007 of the local government code.[8] Trevarthen did not raise an issue of fact about whether Barclays could act on behalf of New Century after the bankruptcy filing, and his argument related to section 192.007 was never raised in the trial court and thus is waived. *See McConnell*, 858 S.W.2d at 341, 343.

---

[8] Section 192.007 provides:

> To release, transfer, assign, or take another action relating to an instrument that is filed, registered, or recorded in the office of the county clerk, a person must file, register, or record another instrument relating to the action in the same manner as the original instrument was required to be filed, registered, or recorded.

Tex. Loc. Gov't Code § 192.007(a). However, section 192.007 "does not impose . . . a duty to record the assignment of the deed of trust." *Hudson v. JP Morgan Chase Bank, N.A.*, 541 F. App'x 380, 384 (5th Cir. 2013); *see Reinagel*, 735 F.3d at 227 n.27 (section 192.007 is "obscure provision [that] has never been cited in a state court decision and is best read as a procedural directive to county clerks, not as a prerequisite to the validity of assignments"). If an assignment of a deed of trust need not be recorded, certainly a power of attorney need not be recorded. Further, section 192.007 "provides no private right of action" and cannot be relied upon for declaratory judgment. *Dallas Cnty. v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 945-49 (N.D. Tex. 2014).

7

Even if Barclays had lacked authority to assign the loan to U.S. Bank, "[d]eeds procured by fraud are voidable only, not void, at the election of the grantor. It is settled that such a deed is valid and represents prima facie evidence of title until there has been a successful suit to set it aside." *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976). "When someone without authorization signs a conveyance on behalf of a grantor corporation, the cause of action for fraud to set aside the assignment belongs to the grantor," and "[a] plaintiff who is not a party to an assignment lacks standing to challenge the assignment on grounds which render it merely voidable at the election of one of the parties." *Morlock, L.L.C. v . Bank of N.Y.*, No. 01-13-00949-CV, 2014 WL 4085771, at *2 (Tex. App.—Houston [1st Dist.] Aug. 19, 2014, no pet. h.) (citing *Nobles*); *see Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007) ("Deeds obtained by fraud are voidable rather than void, and remain effective until set aside."). We overrule Trevarthen's arguments related to Barclays' authority to act as U.S. Bank's attorney-in-fact.

### *Assignment of Lien and Chain of Title*

Trevarthen argues that at the time of the Assignment, New Century had already sold the note to UBS. He also argues that U.S. Bank was not the holder or owner of the Note, cannot show an unbroken chain of title, and could not foreclose based on the Deed.

Trevarthen claims that "New Century's liquidating trustee" "explicitly stated" that U.S. Bank did not own the Note, pointing to Monika McCarthy's letter, which asserted that the loan was sold to UBS in 2006. However, McCarthy did not sign her letter as New Century's trustee but instead as "*consultant to* New Century Liquidating Trust" (emphasis added), and the record does not contain any other information about her relationship to or knowledge about New Century and its

8

bankruptcy proceeding. Moreover, McCarthy's letter was not presented to the trial court as part of Trevarthen's summary judgment evidence or referred to in his motion. *See McConnell*, 858 S.W.2d at 341, 343 (issues for and against summary judgment must be presented in motion and written response); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) ("[p]leadings do not constitute summary judgment proof," "contentions [must] be expressly presented in the written motion or in a written answer or response to the motion, and pleadings are not to be considered in determining whether fact issues are expressly presented"). Finally, the document in question is not an affidavit or otherwise authenticated or sworn as required by rule 166a, nor did Trevarthen attach documentation proving any of her assertions. Thus, McCarthy's letter is not competent summary judgment evidence raising a fact issue as to whether New Century owned the Note at the time it was assigned to U.S. Bank. *See* Tex. R. Civ. P. 166a(c), (f) (summary judgment must be based on deposition transcripts, discovery responses, pleadings, admissions, affidavits, stipulations, and authenticated or certified public records; sworn or certified copies of papers referred to in affidavits must be attached).

Although Trevarthen asserts that U.S. Bank cannot show an unbroken chain of title or successive transfers of possession and endorsement, *see Leavings v. Mills*, 175 S.W.3d 301, 310 (Tex. App.—Houston [1st Dist.] 2004, no pet.), the summary judgment evidence conclusively shows otherwise. Aviles's original Note stated that New Century, as "Lender," "may transfer this Note. Lender *or anyone who takes this Note by transfer* and who is entitled to receive payments under this Note is called the 'Note Holder.'" (Emphasis added.) The Note also stated that, in the event of default, the Note Holder could accelerate the loan. Similarly, the Deed provides that the Note could

9

be sold without notice to Aviles, that the lender could "remove or substitute any trustee," and that the new trustee would have "the title, rights, remedies, powers and duties" conferred by the deed. The Assignment transfers the "Promissory Note," "together with all liens, and any superior title," to U.S. Bank.

New Century had the authority under the Deed and Note to transfer its ownership. It did so, signing over the Note through its attorney-in-fact. *See Morlock*, 2014 WL 3866478, at *4 (assignment signed by lender's nominee was valid). That transfer of ownership gave U.S. Bank the authority to appoint a substitute trustee and foreclose when Aviles defaulted on his payments. *See KCB Equities, Inc. v. HSBC Bank USA, Nat'l Ass'n*, No 05-10-01648-CV, 2012 WL 1985899, at *2 (Tex. App.—Dallas June 4, 2012, no pet.) (mem. op.) ("The Bank produced the original Note at trial, and it produced the instrument—titled Assignment, Assumption and Recognition Agreement—by which the Note was assigned to the Bank. . . . Therefore, because the Bank owns the Note, it has the right to foreclose on the Property."); *see also Morlock*, 2014 WL 3866478, at *5 ("No provision in Chapter 51 of the Texas Property Code requires a foreclosing party to prove its status as 'holder' or 'owner' of the Note or the original of the Note prior to foreclosure. [Assignee] may enforce the Deed of Trust even if it is not the owner and holder of the Note or of the original of the Note."); *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *4-5 (Tex. App.—Austin Aug. 30, 2012, pet. denied) (mem. op.) ("Texas law does not require that one be a holder of the note and the deed of trust to be entitled to foreclose, much less a holder-in-due-course of the note," property code allows mortgagee to foreclose under power of sale conferred by deed of trust, "mortgagee" includes grantee, beneficiary, owner, or holder of security

10

instrument); *Campbell v. Mortgage Elec. Registration Sys., Inc.*, No. 03-11-00429-CV, 2012 WL 1839357, at *4 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.) ("[w]hen a mortgage note is transferred, the mortgage or deed of trust is also automatically transferred to the note holder"). We overrule Trevarthen's arguments related to whether New Century owned the Note at the time it was assigned and to whether U.S. Bank showed a proper chain of title and adherence to the Note and Deed.

### Conclusion

Having overruled Trevarthen's issues, we affirm the trial court's summary judgment.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Rose

Affirmed

Filed: November 6, 2014