**Opinion issued December 30, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00949-CV

————————————

**MORLOCK, L.L.C., Appellant**

**V.**

**THE BANK OF NEW YORK, AS TRUSTEE ON BEHALF OF THE CERTIFICATE HOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2004-13, Appellee**

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Case No. 1024144**

---

## SUPPLEMENTAL OPINION ON MOTION FOR REHEARING

In our opinion dated August 19, 2014, we affirmed a summary judgment in favor of The Bank of New York. *See Morlock, L.L.C. v. Bank of New York*, No. 01-13-00949-CV, 2014 WL 4085771 (Tex. App.—Houston [1st Dist.] Aug. 19,

2014). Appellant Morlock, L.L.C. has filed a motion for rehearing. It suggests that our opinion created a split in authority with the Fourteenth Court of Appeals regarding its standing, as a third party to the transactions at issue, to challenge an allegedly fraudulent assignment clouding its title to property. We deny the motion for rehearing, and provide the following explanation for our conclusion that there is no conflict.

We previously held that because the allegation of fraud in this case would render the challenged assignment merely voidable at the election of the grantor, Morlock lacked "standing" to challenge it as a third party to that transaction. *Bank of New York*, 2014 WL 4085771 at *2–3. The Fourteenth Court of Appeals, in a decision issued twelve days before ours and with apparently similar facts, held that Morlock had "standing" to challenge a different assignment, precisely because it sought to invalidate the assignment as a cloud on its title. *Morlock, L.L.C. v. Nationstar Mortg., L.L.C.*, No. 14-12-01117-CV, 2014 WL 3866478 at *3 (Tex. App.—Houston [14th Dist.] Aug. 7, 2014, pet. struck). Despite prevailing on the standing issue in the Fourteenth Court, Morlock nevertheless lost its appeal on the merits of that case.

In *Nationstar*, the Fourteenth Court analyzed the standing question using the rubric of *Austin Nursing Center, Inc. v. Lovato*, 171 S.W.3d 845 (Tex. 2005), i.e., whether there existed a "real controversy" between the parties that would "actually

be determined by the judicial declaration sought." *See Lovato*, 171 S.W.3d at 849 (quoting *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996)). In contrast, our opinion did not address that specific issue or question Morlock's "standing" in that particular sense.

Rather, our decision was based on a different rule of law, established by *Nobles v. Marcus*, 533 S.W.2d 923 (Tex. 1976). In *Nobles*, the Supreme Court of Texas explained that "[d]eeds procured by fraud are voidable only, not void, at the election of the grantor." *Nobles*, 533 S.W.2d at 926. The effect of the *Nobles* rule in this appeal is that to the extent Morlock is aggrieved by a fraudulent assignment from the grantor (MILA) to the grantee (Countrywide), the substantive law does not provide a stranger to the transaction (such as Morlock) any cause of action to challenge that fraudulent assignment. Even assuming the truth of Morlock's allegations, the assignment is not void. It is voidable only, at the election of the MILA, the grantor. It is not voidable by Morlock.

*Nobles* provided this further pertinent explanation for the rule:

It is settled that such a deed is valid and represents prima facie evidence of title until there has been a successful suit to set it aside. *Meiners v. Texas Osage Cooperative Royalty Pool*, 309 S.W.2d 898 (Tex. Civ. App.—El Paso 1958, writ ref'd n.r.e.); *Whalen v. Richardson*, 353 S.W.2d 941 (Tex. Civ. App.—Amarillo 1962, n.w.h.). To the same effect is *Deaton v. Rush*, 113 Tex. 176, 252 S.W. 1025 (1923), wherein this court stated that:

A deed obtained by fraud is not void but voidable only. As between the original parties Rush's title is prima facie

good, and it could only be avoided by a suit and a decree annulling and canceling the deed.

It is a fundamental rule of law that only the person whose primary legal right has been breached may seek redress for an injury. In *American Nat. Ins. Co. v. Hicks*, 35 S.W.2d 128 (Com. App. 1931, judgm. adopted), a right of action was defined as follows:

> The right to maintain an action depends upon the existence of what is termed a cause of action, which involves the combination of a right on the part of the plaintiff and a violation of such right by defendant.

Without breach of a legal right belonging to the plaintiff no cause of action can accrue to his benefit. A suit to set aside a deed obtained by fraud can only be maintained by the defrauded party. *Smith v. Carter*, 45 S.W.2d 398 (Tex. Civ. App.—Texarkana 1932, writ dism'd); *Meiners v. Texas Osage Cooperative Royalty Pool*, *supra*. A party who was not defrauded by the conveyance has not suffered an invasion of a legal right and therefore does not have standing to bring suit based on that fraud.

*Nobles*, 533 S.W.2d at 926-27. Thus, as we explained in our decision, even if Morlock is aggrieved by a cloud of title stemming from a fraudulent assignment from MILA to Countrywide, the substantive law nevertheless does not provide Morlock with a cause of action against the current holder of the deed clouding Morlock's title. The challenged assignment may be voidable by MILA, the party that would have been directly harmed by the alleged fraud. In the absence of action by MILA to challenge the assignment as void, the deed is "prima facie good" as between MILA and Countrywide.

The Supreme Court's resolution of *Nobles* was directly cast in terms of a lack of "standing," and the analysis of our opinion echoed that holding. The

4

Supreme Court stated: "A party who was not defrauded by the conveyance has not suffered an invasion of a legal right and therefore does not have standing to bring suit based on that fraud." *Id*. at 927. Morlock's motion for rehearing does not question the continuing validity of *Nobles*—in fact, the motion does not mention *Nobles*. Nor did the Fourteenth Court's *Nationstar* opinion. Regardless of whether the Supreme Court today still would apply the label of "standing" to the substantive rule of law announced in *Nobles*, the outcome is the same for Morlock: "A suit to set aside a deed obtained by fraud can only be maintained by the defrauded party." *Id*.


Michael Massengale
Justice

Panel consists of Justices Jennings, Bland, and Massengale.