# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00529-CV

**Jerome J. Isaac and Michelle P. Isaac, Appellants**

**v.**

**Vendor Resource Management, Inc.; Mortgage Electronic Registration Systems, Inc.; and CitiMortgage, Inc., Appellees**

---

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
NO. 13-0472-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Jerome J. and Michelle P. Isaac appeal from a final summary judgment that they take nothing on claims they had asserted to resist foreclosure and eviction following their default on a home loan. We will affirm the judgment.

The basic underlying facts are undisputed. In November 2001, the Isaacs borrowed $125,162 to purchase a house in Hutto and executed a promissory note and a deed of trust security instrument. Both the note and deed of trust named the lender as Sterling Capital Mortgage Company and its transferees or successors. The deed of trust also named appellee Mortgage Electronic Registration Systems, Inc. (MERS) and its successors and assigns as beneficiary and "nominee for Lender and Lender's successors and assigns." Shortly after closing, an "Assignment and Transfer of Lien" (Assignment) was executed in the name of MERS, as nominee for Sterling, reflecting a

transfer of Sterling's rights under the deed of trust and note to First Nationwide Mortgage Corporation.[1] First Nationwide, in turn, merged into appellee CitiMortgage, Inc., in 2003.

Although the Isaacs apparently complied with their payment obligations for a period of time, there is no dispute that they eventually defaulted. In lieu of immediate foreclosure, in 2007 and again in 2011 CitiMortgage, as "lender," and the Isaacs entered into "loan modification agreements" that amended and supplemented the note and deed of trust to revise payment terms. Following further default in 2012, CitiMortgage proceeded with foreclosure and eventually purchased the property at the substitute trustee's sale on February 5, 2013. CitiMortgage then conveyed the property to the Department of Veterans Affairs, which had guaranteed the loan.

In the meantime, the Isaacs had continued to reside in the property. The Department, through appellee Vendor Resource Management, Inc. (VRM) as its agent, retained a law firm that sent the Isaacs a notice to vacate and demand for possession. After the Isaacs failed to comply, VRM filed a forcible detainer suit against the Isaacs in justice court. That action concluded with an April 2013 judgment awarding VRM possession.

The Isaacs did not appeal the justice court judgment. Instead, in May 2013, they sued appellees, asserting a range of claims and theories attacking the legal validity of the foreclosure and seeking to stave off eviction.[2] The Isaacs' central premise was that the Assignment—the instrument reflecting the initial transfer of Sterling's rights in the note and deed of trust to

---

[1] The Assignment and other instruments material to the chain of title were also recorded in the Williamson County real property records.

[2] The Isaacs alleged that CitiMortgage and MERS had filed a fraudulent lien; that CitiMortgage and VRM had violated the Texas Debt Collection Act; that CitiMortgage had violated the notice requirements of Section 51.002 of the Property Code, breached the deed of trust, and had wrongfully foreclosed on the property; and that VRM had wrongfully evicted the Isaacs. In addition to damages, the Isaacs prayed for declaratory and equitable relief aimed at restoring their title to the property and restraining eviction.

CitiMortgage's predecessor over a decade earlier—had been defective. This was so, the Isaacs reasoned, because the person who had signed the instrument on MERS's behalf, a Kathy Thorp as "Asst. Vice President," had lacked capacity to do so. The Isaacs further maintained that this asserted defect rendered invalid all of the subsequent transactions that followed, including the foreclosure and sale, and exposed appellees to liability for their related acts.[3]

CitiMortgage and MERS filed a joint motion for summary judgment on the Isaacs' claims against them, asserting both traditional and no-evidence grounds. VRM similarly moved for summary judgment on the claims against it, relying on traditional grounds. After the Isaacs filed a response, CitiMortgage and MERS objected to the entirety of the Isaacs' summary-judgment evidence. The district court sustained the objections and struck all of the Isaacs' evidence from the summary-judgment record. It further granted both summary-judgment motions and rendered final judgment that the Isaacs take nothing on their claims. This appeal followed.

The Isaacs bring what are styled as two issues on appeal. In the first, the Isaacs point to various "fact issues" they view as having precluded summary judgment on "one or more of their claims." Virtually all of these "fact issues" are founded on the contention that Thorp had lacked capacity to execute the Assignment on MERS's behalf. The Isaacs' second issue merely reurges that premise. The Isaacs have not appealed the district court's accompanying ruling excluding all of their summary-judgment evidence.

While appellees urge numerous bases for affirmance, we need only mention a few.[4] Most consequentially, each appellee has attacked the Isaacs' core theory regarding the Assignment

---

[3] After litigation began, the Department conveyed the property back to CitiMortgage. This transaction ultimately has no bearing on our analysis.

[4] *See* Tex. R. App. P. 47.1.

by challenging the Isaacs' standing to assert it.[5] This is not our first case in which a debtor has attempted to challenge a MERS assignment between financial institutions on the basis that the individual who signed the instrument lacked capacity.[6] As we reiterated recently, a nonparty to a deed-of-trust assignment has standing to challenge the assignment only on grounds that would render the assignment void, and a challenge to the signatories' authority to act on behalf of MERS "could render the assignment voidable at most."[7] Accordingly, the Isaacs plainly lack standing to assert the theory that is at the heart of their case.[8] In fact, the Isaacs have made no effort on appeal to demonstrate their standing to challenge the Assignment.[9]

---

[5] CitiMortgage and MERS raised the standing challenge in their summary-judgment motion and again on appeal, while VRM raised it on appeal. Because standing is jurisdictional, either procedure was permissible. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95–96 (Tex. 2012); *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993).

[6] *See Melendez v. Citimortgage, Inc.*, No. 03-14-00029-CV, 2015 Tex. App. LEXIS 10260, at *6–7 (Tex. App.—Austin Oct. 2, 2015, pet. denied) (mem. op.).

[7] *See id.*, 2015 Tex. App. LEXIS 10260, at *15 n.3 ("The Melendezes contend the assignment was defective because . . . the assistant secretary who signed the assignment lacked authority. Th[is] argument[] could render the assignment voidable at most. . . . '[W]hen someone without authorization signs a conveyance on behalf of a grantor corporation, the cause of action . . . to set aside the assignment belongs to the grantor. A third party lacks standing to challenge this voidable defect in the assignment.'" (quoting *Morlock, L.L.C. v. Bank of N. Y.*, 448 S.W.3d 514, 517 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (holding that third party lacked standing to claim that assignment of deed of trust was executed without authorization))).

[8] *See id*. *See also Standiford v. CitiMortgage, Inc.*, No. 03-14-00344-CV, 2015 Tex. App. LEXIS 11269, at *10–12 (Tex. App.—Austin Nov. 3, 2015, pet. denied) (mem. op.) (holding that Standiford lacked standing to challenge MERS's authority to assign deed of trust and that all claims dependent on that challenge failed as a matter of law); *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 809–10 (W.D. Tex. 2012) (holding that borrowers lacked standing to challenge authority of signatory of assignment from MERS because they were not parties to assignment).

[9] And this failure also independently waives error to the extent the district court's judgment is founded on the standing challenge CitiMortgage and MERS raised as a summary-judgment ground. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995) (where trial court does not specify grounds on which it granted summary judgment, appellant must successfully challenge each ground asserted to obtain reversal).

To the extent any of the Isaacs' appellate arguments survive these holdings, they are quickly disposed of. To demonstrate their asserted "fact issues," the Isaacs rely in part on summary-judgment proof they presented below, but these arguments are foreclosed by the Isaacs' failure to appeal the district court's ruling excluding that proof.[10] Accordingly, the Isaacs are constrained to attacking the legal sufficiency of appellees' summary-judgment grounds or relying on grounds for denial preserved in their response in which they had invoked appellees' own evidence in an attempt to raise a fact issue.[11] The Isaacs advance only two arguments of this sort that are independent of their challenge to the Assignment. First, against CitiMortgage and MERS, the Isaacs complain that one of their summary-judgment affidavits, prepared by Travis Nurse, a record custodian and business analyst for CitiMortgage, failed to demonstrate Nurse's personal knowledge as to some of the facts to which he testified. The Isaacs did not obtain a ruling on this objection, but even assuming they preserved their complaint, it is without merit[12] or ultimately immaterial in light of other summary-judgment evidence that is not challenged.

The Isaacs' second surviving argument is that VRM violated the Texas Debt Collection Act by unlawfully pursuing the forcible detainer action. That action was unlawful, the Isaacs reason, due to the content of the notice to vacate and demand for possession that preceded it, which was included in VRM's summary-judgment evidence. Specifically, the Isaacs complain

---

[10] *See, e.g.*, *Walker v. Schion*, 420 S.W.3d 454, 457 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("in the summary-judgment context, we cannot consider evidence that was excluded by the trial court unless that evidentiary ruling is timely and successfully challenged on appeal").

[11] *See, e.g.*, *id.*; *see also Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511–12 (Tex. 2014) (discussing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979)).

[12] *See Roper v. CitiMortgage, Inc.*, No. 03-11-00887-CV, 2013 Tex. App. LEXIS 14518, at *34–40 (Tex. App.—Austin Nov. 27, 2013, pet. denied) (mem. op.) (rejecting similar challenge to record custodian's personal knowledge of loan records).

that the document failed to comply with the requirements of Chapter 24 of the Property Code because it identified only the law firm that prepared and sent it, not VRM or the Department of Veterans Affairs. But no such specificity requirement is apparent from the text of Chapter 24, as VRM points out, and the Isaacs wholly fail to present any argument or authority to provide support for that premise. We need go no farther here.[13]

We affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed: July 15, 2016

---

[13] *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").