**Opinion filed November 8, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00331-CV
_____

### SELISA HARKEY AND ADRIAN HARKEY, Appellants

### V.

### THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., F/K/A THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR RAMP 2004RS2, ET AL., Appellees

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause No. D-134,928**

## M E M O R A N D U M   O P I N I O N

Selisa Harkey and Adrian Harkey appeal the trial court's order granting summary judgment in favor of the Bank of New York Mellon Trust Company, N.A., f/k/a the Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, N.A., as trustee for RAMP 2004RS2, (the Bank) and Mortgage Electronic

Registration Systems, Inc. (MERS).[1]  Appellants challenge the trial court's order in one issue.  We affirm.

*Background Facts*

Appellants obtained a loan from American Homefront Mortgage, Inc. in order to finance the purchase of real estate in Odessa.  Appellants executed an adjustable rate note and deed of trust in favor of American Homefront.  American Homefront then assigned its interest in the note and deed of trust to Milestone Mortgage Company.  Milestone subsequently immediately assigned its interest to MERS.  Years later, MERS executed an appointment of substitute trustee and soon thereafter assigned its interest in the note and deed of trust to the Bank.  The Bank executed another appointment of substitute trustee, appointing Lanelle Lynch and others as trustees.

Appellants subsequently defaulted on the loan.  GMAC Mortgage, LLC, the mortgage servicer for the loan at the time, sent Appellants a notice of default and notice of acceleration.  GMAC later sent Appellants multiple notices of substitute trustee's sale.  Lanelle Lynch conducted the foreclosure sale, selling the property to AHN Corporation.

Appellants filed suit against Appellees, asserting claims for fraudulent lien, wrongful foreclosure and eviction, violations of the Texas Fair Debt Collection Act, and claims for certain injunctive and declaratory relief under the Texas Property Code.  As set out below, all of Appellants' claims are predicated on a common factual allegation—that Appellees lacked capacity to proceed with the foreclosure

---

[1]We note that Appellants' notice of appeal indicated that Appellants were also appealing the trial court's judgment dismissing Angel Nabarette and AHN Corporation as defendants.  However, in their brief, Appellants have not challenged the trial court's judgment dismissing Nabarette and AHN Corporation as parties.  Furthermore, no brief has been filed on behalf of Nabarette and AHN Corporation.  Accordingly, the merits of the judgment with respect to Nabarette and AHN Corporation are not addressed in this appeal.  In this opinion, the Bank and MERS are referred to as Appellees.

because the person that executed the first assignment of the lien lacked capacity to do so. Appellees filed a traditional motion for summary judgment, asserting that Appellants lacked standing to contest the validity of the various assignments and appointments in Appellees' chain of title because Appellants were not parties to the assignments and appointments.

*Analysis*

In a single issue on appeal, Appellants assert that the trial court erred in granting Appellees' traditional motion for summary judgment. We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When the trial court's order fails to specify the grounds for its summary judgment, we will affirm if any of the theories are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

A party moving for traditional summary judgment bears the burden of proving that there is no genuine issue of material fact as to at least one essential element of the cause of action being asserted and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). If the movant initially establishes a right to summary judgment on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). When reviewing a traditional motion for summary judgment, we review the evidence in the light most favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts against the motion. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

Appellants assert that summary judgment was improper as to each of their causes of action because there was summary judgment evidence that "the person

attempting to assign the first lien at issue lacked capacity for such acts" and that "therefore, all persons attempting to execute further documents such as appointments of trustees or notices of trustee's sale lacked capacity." Appellants made the same allegations in their petition. In response, Appellees asserted in their motion for summary judgment that Appellants' claims fail because of Appellants' "lack of standing to contest the validity of [the assignments and appointments] in the first place." Appellees supported their contention with a citation to a federal case for the following proposition: "It is now well-established by this Court and others in this Circuit that 'borrowers do not have standing to challenge the assignments of their mortgages because they are not parties to those assignments.'" *Davis v. Bank of Am., N.A.*, No. 3:11-CV-3276, 2012 WL 2679452, at *2 (N.D. Tex. July 6, 2012) (quoting *Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 WL 2399369, at *5 (N.D. Tex. June 26, 2012)).

The First Court of Appeals recently addressed a similar contention in *Morlock, L.L.C. v. Bank of New York*, 448 S.W.3d 514 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). The appellant in *Morlock* asserted that the mortgagee bank had no authority to foreclose because a person who executed an assignment in the bank's chain of title did not have authority to do so. 448 S.W.3d at 515–16. The mortgagee bank asserted that the appellant did not have standing to contest the assignment on the grounds that the person executing it did not have authority to do so because the appellant was not a party to the assignment. *Id.* at 516–17. Our sister court agreed with the mortgagee bank by holding that a nonparty to the assignment lacked standing to claim that it was executed by someone without authority to do so. *Id.* at 517. The court noted that a successful challenge to the authority of the person executing the assignment would make the assignment "merely voidable." *Id.* The court held: "A plaintiff who is not a party to an assignment lacks standing to

4

challenge the assignment on grounds which render it merely voidable at the election of one of the parties." *Id.*

Appellants make the same contention in this case. They assert that an individual in Appellees' chain of title lacked capacity to do so because he or she "had no interest of record"/"lacked capacity for such acts of public record." Appellants base all of their causes of actions on this factual contention.

We agree with the conclusion reached by our sister court in *Morlock.* Appellants lack standing to challenge the capacity of the individual that executed an assignment between creditors because Appellants were not parties to the challenged assignment. *Id.* As noted by the court in *Morlock*, only a party to the assignment has standing to make a contention that a person lacked capacity to execute it. *Id.* In this regard, Appellants were not "the ones who are allegedly suffering harm" from the alleged lack of capacity. *Lance v. Robinson*, 543 S.W.3d 723, 740 (Tex. 2018)[2]; *see Linegar v. DLA Piper LLP (US)*, 495 S.W.3d 276, 281 (Tex. 2016) (a plaintiff has standing when it is "personally and concretely aggrieved"). Appellees' summary judgment evidence established as a matter of law that Appellants were not parties to the assignments and appointments that Appellants are challenging. Appellants lack standing as a matter of law to challenge these conveyances on the basis of capacity. *Morlock*, 448 S.W.3d at 517, 520–21. Accordingly, the trial court did not err in granting Appellees' motion for summary judgment. We overrule Appellants' sole issue on appeal.

---

[2]We note that, in *Lance*, the Texas Supreme Court cited *Morlock* for the proposition that "[a] third party lacks standing to challenge this voidable defect in the assignment." *Lance*, 543 S.W.3d 739 (quoting *Morlock*, 448 S.W.3d at 517). The supreme court also quoted *Lopez v. Morales*, No. 04-09-00476-CV, 2010 WL 3332318, at *3 (Tex. App.—San Antonio, Aug. 25, 2010, no writ) (mem. op.), for the proposition that "[a] suit to set aside a deed obtained by fraud can only be maintained by the defrauded party." *Lance*, 543 S.W.3d 739.

*This Court's Ruling*

We affirm the order of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


November 8, 2018

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[3];
and Wright, S.C.J.[4]

Willson, J., not participating.

---

[3]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.