

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| WILLIAM D. ABRAHAM, | § | |
| | | No. 08-22-00079-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 243rd Judicial District Court |
| RON ACTON, DEBBIE ACTON, AARK | § | |
| INVESTMENTS, L.P., FEDERICO | | of El Paso County, Texas |
| FERNANDEZ and CAROL FERNANDEZ, | § | |
| | | (TC# 2016DCV2081) |
| Appellees. | § | |

**DISSENTING OPINION**

Though I join the majority in all other aspects, I respectfully dissent as to whether Ron and Debbie Acton have standing.

Section 12.003 plainly states who may bring a cause of action: "the obligor or debtor, or a person who owns an interest in the real or personal property." TEX. CIV. PRAC. & REM. CODE ANN. § 12.003(a)(8). The statute uses the present tense, which indicates the legislature's intent that action and recovery are limited to current owners, obligors, or debtors. *See Bowman v. Bank of N.Y. Mellon Tr. Co., N.A.*, No. 05-13-01684-CV, 2016 WL 258765, at *6 (Tex. App.—Dallas January 21, 2016, pet. denied) (mem. op.) (confirming that "[o]nly an obligor, debtor, or owner of real property had standing to assert a claim under Chapter 12"). In my view, the "plain and

common meaning of the words of Chapter 12 reveals that the Legislature intended to provide a civil action for injunctive relief and monetary damages to all persons *owning* an interest in real or personal property against which a fraudulent lien is filed"—not to those who *owned* an interest in real or personal property against which a fraudulent lien is filed. *Centurion Plan. Corp. v. Seabrook Venture II*, 176 S.W.3d 498, 505 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (emphasis added).

Here, when the Actons filed their Chapter 12 counterclaim, they had no interest in the Property. Appellant filed the Affidavit in 2008 and did not withdraw it prior to trial. The Actons secured a vendor's lien on the Property in 2009, foreclosed on the Property on December 1, 2015, and sold the Property to AARK in 2016, without any knowledge of the Affidavit's existence. The Actons therefore owned an interest in the Property only *after* the filing of Appellant's Affidavit—but *not* when they filed their counterclaim in 2021. By the time the Actons filed their counterclaim, they had sold the Property to AARK and no longer possessed any interest in it. Standing is determined at the time suit is filed. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 n.9 (Tex. 1993). I would thus conclude the Actons lack standing to maintain their counterclaim. *See Bowman*, 2016 WL 258765, at *6 ("Without an interest in the property, appellants have no standing to assert these challenges."); *see also Morlock, L.L.C. v. Bank of N.Y.*, 448 S.W.3d 514, 517 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (holding a person with no property interest has no standing to challenge the validity of an unauthorized assignment of a deed of trust).

While the majority's analysis is persuasive, the legislature could have easily included language extending the Chapter 12 remedies to include all owners in the chain of title (subject to the statute of limitations), but it did not. The plain language of the statute and the fact that it is

written in present tense support the conclusion that the legislature intended to extend a cause of action the owners, obligors, and debtors only directly affected.

For these reasons, I would find the Actons lack standing. I dissent as to the majority's holding on that issue.

YVONNE T. RODRIGUEZ, Chief Justice

August 14, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.
Rodriguez, C.J., dissenting